FAX (610) 527-7516                                              (610) 446-7257 ANS. MACHINE

**DAVID HATCHIGIAN**
*2414 Township Line Road*
*Havertown, PA 19083-5236*
david3091@outlook.com

November 5, 2020 **SECOND SEND NOVEMBER 27, 2020**

Honorable Chad F. Kenney
United States District Court
Eastern District
U.S. Courthouse
601 Market Street
Philadelphia Pa. 19106

RE: David Hatchigian & Joan Randazzo vs. Carrier Corp. & Peirce-Phelps
2:20-cv-04110-CFK

Dear Honorable Chad F. Kenney

Please be advised that Pro Se Plaintiffs' filed a response to the two defendants' Motion to Dismiss on November 2, 2020. See Court Stamp on two motions. The Court today entered two Carrier Motion response and not the response for PIERCE -PHELPS.

Kindly correct the filing and when you get a chance I believe your time clock needs more ink.

Any questions please call or e/m.

Thank you.

Respectfully submitted,

*David Hatchigian*

Enclosures (10) & (11)

CC: Carolyn M. Schweizer Esquire for Carrier wjbracaglia@mdwcg.com
James F. Ryan, Esquire for Peirce-Phelps    jryan@sandlaw.com



*11220 416*

## THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DAVID HATCHIGIAN**
**and JOAN RANDAZZO**          **CIVIL ACTION No. 20-4110**
*Plaintiffs*

**Vs.**

**CARRIER CORPORATION** ✓     **JURY TRIAL DEMAND**
**PEIRCE -PHELPS, INC.**
*Defendants*

## ORDER

**AND NOW** this_____ day of _____2020, upon

consideration of Pro Se responds to two Motions to Dismiss and is

**Ordered** and **Decreed** that Both Motions are **Denied.**

**BY THE COURT**

_____

**J**

*11220416*



## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

DAVID HATCHIGIAN AND JOAN
RANDAZZO

V.                                        **Civil Action: 20-4110**

CARRIER CORPORATION AND            **JURY TRIAL DEMAND**
PEIRCE-PHELPS

## MEMORANDUM OF LAW OF PLAINTIFFS DAVID HATCHIGIAN AND JOAN RANDAZZO IN OPPOSITION TO DEFENDANT CARRIER CORPORATION'S MOTION TO DISMISS

**Page(s)**

### Cases

*Brennan v. Kulick*,
   407 F.3d 603 (3d Cir. 2005) .................................................................. 6
*Heater v. Kidspeace*,
   No. 05-4545, 2005 WL 2456008 (E.D. Pa. Oct. 5, 2005) .................................... 7
*Holmes v. Strawbridge & Clothier*,
   No. 94-1999, 1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov.
   16,1994)........................................................................................ 4, 5, 6
*Kaiser Martin Grp., Inc. v. Haas Door Co.*
   (E.D. Pa. 2019) ............................................................................... 7
*Kelly v. Metro. Grp. Prop. & Cas. Ins. Co.*
   (6th Cir. 2020) ............................................................................... 2
*Oneida Motor Freight, Inc. v. United, Jersey Bank*,
   848 F.2d 414 (3d Cir. 1988) .................................................................. 6
*Ricketti v. Barry*,
   775 F.3d 611 (3rd Cir. 2015) ............................................................... 3
*Walstrom v. City of Altoona*,
   No.3:2006-81, 2008WL5411091,(W.D. Pa.Dec.29,2008) .................................. 4

1



**Statutes**

42 Pa. Cons. Stat. § 5535...........................................................................................6

28 U.S.C. § 1332 ......................................................................................................2

**Other Authorities**

Fed.R.C.P. 12(b)(l) ..................................................................................................2

### I.   Statement of Facts

The above-captioned matter was originally filed in in the Philadelphia

County Court of Common Pleas. Plaintiff David Hatchigian filed a Writ of

Summons on July 1, 2015 and then a Complaint against Carrier Corporation and

Pierce-Phelps on September 20, 2015. (Motion Ex. B)  Plaintiffs have now filed

the present Complaint against the same parties under the same theories as

previously pled in Philadelphia County.  The settlement release was not executed

and there was no dismissal or any final order terminating any aspect of the state

court action prior to the commencement of the present action.

### II.   Legal argument

### A.   Based on a facial reading of the Complaint, this Court should deny Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction Pursuant to Fed. R.C.P. 12(b)(l).

A corporation is a citizen of its state of incorporation and its principal place

of business, 28 U.S.C. § 1332; see dicta, *Kelly v. Metro. Grp. Prop. & Cas. Ins.*

*Co.* (6th Cir. 2020)  Defendant Carrier's motion to dismiss improperly disregards

2



that two states of citizenship are possible for Defendant Peirce Phelps.  Peirce-

Phelps, a Delaware corporation, has locations both in the state of Pennsylvania and

at 360 Water St, Wilmington, DE 19804.  Contrary to the contention in Carrier's

motion, Plaintiffs are not alleging and have not alleged that "Defendant Carrier

Corporation's citizenship of New York alone establishes diversity." (Motion to

Dismiss, page 5)  Rather, the complaint correctly alleges the company's state of

incorporation as Delaware; this information is evident from the face of Plaintiffs'

pleading, and directly contrary to Carrier's contention that each party's citizenship

must appear on the face of the Complaint.

In addition, further contrary to Defendant's motion to dismiss, the mere fact

that Defendant Peirce-Phelps is headquartered in Pennsylvania will not preclude

complete diversity.  See *Ricketti v. Barry*, 775 F.3d 611 (3rd Cir. 2015) (where  the

Third Circuit held there was complete diversity of citizenship among the parties,

Ricketti being a citizen of New Jersey, Barry of Pennsylvania, and RestorixHealth

of Nevada (its state of incorporation) and New York (the location of its principal

place of business).")  Doc 1, Para. 26 therefore adequately alleges that: 26.

*Defendant PEIRCE-PHELPS (hereinafter, "Peirce-Phelps) is a Delaware*

*corporation engaged in the sale and distribution of air conditioning and heating*

*systems.*  Moreover, complete diversity exists based on a facial reading of the

3

complaint; therefore, the motion to dismiss based on lack of subject matter jurisdiction should be denied, and this case allowed to proceed on the merits.

## B. The Motion to Dismiss Based on the Statute of Limitations Defense is Likewise Due to Be Denied.

### a. The federal action was filed as a "continuation" of the state action.

The motion appears to rely on the rule "that the commencement of an action in a Pennsylvania court does not toll the statute of limitations applicable to a subsequent action commenced in federal court." ([1]This case is distinguishable from the Falsetti line of cases [2]

However, there is state and federal precedent for tolling under the circumstances:  For example, in *Holmes v. Strawbridge & Clothier*, No. 94-1999, 1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994), the plaintiff had filed various state law claims in Pennsylvania state court. While those claims were still pending, the plaintiff brought a separate action in federal court that asserted the same claims that were pending in state court, along with a related federal claim. Id. The court ruled that the state law claims in the federal action were not barred by

---

[1] See *Walstrom v. City of Altoona*, No.3:2006-81, 2008WL5411091,at *10(W.D. Pa.Dec.29,2008)(*citing Ravitch v. Pricewaterhouse*, 793A.2d939, 942 (Pa . Super. Ct . 2002))
[2] In *Falsetti v. United Mine Workers of America*, 355F.2d658,662(3dCir.1966), the court rejected appellant's contention that his prior, unsuccessful, state court action served to toll the limitations period for his subsequently filed federal action. See also *Royal Globe Ins. Co.v. Hauck Mfg. Co*., 335A.2d460, 462(Pa. Super.Ct . 1975)("An action in state courtdoes not toll the running of the statute of limitations against subsequent action in federal court."(citing Falsetti, 355F.2dat 662))

4



the statute of limitations, and that plaintiff was entitled to tolling because the earlier state action was filed within the limitations period.

The *Holmes* court distinguished the Falsetti line of cases on two grounds. First, the court noted that "[those] cases are inapplicable to the instant matter because this plaintiff's action has not been dismissed by the state court." Id. at *3. Second, the court observed that in *Falsetti*, the state law claims had been "fully adjudicated by the state court prior to the plaintiff's re-filing of identical state law claims in federal court. Therefore, had the district court in Falsetti exercised pendent jurisdiction over the state law claims in that case, it would have provided a forum for the state law claims where none existed." Id. (*citation omitted*). The Holmes court reasoned that in the case before it, because the state action was still pending, the exercise of federal jurisdiction over the state claims would not create a forum where none existed.

In contrast, the procedural history of this case and the absence of discontinuance/termination of the state court litigation invokes the procedural facts in Holmes, and displaces the Falsetti rule given that Plaintiff Hatchigian did not obtain a discontinuance of the state court adjudication of the instant dispute before or after filing his challenge to settlement validity.

While it is correct to say that § 5535(a)(1) provides that if a party timely commences an action that is later terminated, that party may commence a new

5

lawsuit on the same cause of action within one year of the termination. (42 Pa.

Cons. Stat. § 5535), this subsection of 5535 is not relevant to the state court action

here, where the action was at no point dismissed.

Rather, as suggested in Carrier's motion, the court should take judicial

notice of the record from a previous court proceeding between the parties. See

*Oneida Motor Freight, Inc. v. United, Jersey Bank*, 848 F.2d 414, 416, n. 3 (3d Cir.

1988)  The proceedings in the state court action provide a record basis for

inferring the sufficiency of notice of the substance of Plaintiff's claims, and that

permitting the federal suit to proceed would not result in any harm or prejudice to

defendant, nor does it entitle defendant to a defense under the statute of limitations.

As in in *Holmes*, in the absence of such dismissal/ termination of the state

suit, the tolling rule codified at § 5535 (pursuant to which the filing of a prior state

action will not toll the limitations period for a subsequently filed state action where

the first action was terminated by a discontinuance) provides no basis for adhering

to the prohibition in *Falsetti*.

In addition, there is no question that arise as to "conditional dismissal" as in

*Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), i.e., because there was no

dismissal to start with, and it is undisputed that if Defendant had successfully

removed the state court case to federal court, the claims would not be barred by the



6

statute of limitations. See, e.g., *Heater v. Kidspeace*, No. 05-4545, 2005 WL

2456008, at *2 (E.D. Pa. Oct. 5, 2005).

**b.**   **Defendants have waived the statute of limitations defense.**

When negotiating settlement of, and requiring Plaintiff Hatchigian to

execute the proposed settlement release regarding, the 2015 case (referenced in the

Motion to Dismiss as the "First Action", alleging the same conduct against Carrier

and Pierce-Phelps and related to the same HVAC equipment), Defendant Carrier

impliedly promised payment if Hatchigian delayed filing his federal court lawsuit.

See tolling agreement in *Kaiser Martin Grp., Inc. v. Haas Door Co*. (E.D. Pa.

2019).

**C.**   **The Motion to Dismiss based on Res Judicata is due to be denied as none of Plaintiffs' claims have been adjudicated on the merits.**

In addition to the fact that the state court action was at no point dismissed or

discontinued, none of Plaintiffs' causes of action have been adjudicated on the

merits.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion to

Dismiss be denied in its entirety.

**Dated this __ day of November, 2020**

7

Respectfully   submitted,


*David Hatchigian*

**DAVID HATCHIGIAN, PLAINTIFF PRO SE**

*Joan Randazzo*

_____

**JOAN RANDAZZO, PLAINTIFF PRO SE**

November 2, 2020



# 𝕴𝖓 𝕿𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝕺𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

**DAVID HATCHIGIAN**
**And JOAN RANDAZZO**              **Civil Action 20-cv-4110**
*Plaintiffs*

**Vs.**

**CARRIER CORPORATION**
**And PEIRCE-PHELPS, INC**              **JURY TRIAL DEMAND**
*Defendants*

## CERTIFICATE OF SERVICE

**I** hereby certify that on November 3, 2020, a copy of Plaintiffs response to

Defendants Motion to Dismiss was mailed on above date and e-file with the Court

To:

Marshall, Dennehey, Warner, Coleman, & Goggin
Carolyn M. Schweizer Esquire
Counsel for Carrier Corporation
2000 Market Street
Suite 2300
Philadelphia Pa. 19103
215-575-4569 /f 215-575-0856
cmschweizer@mdwcg.com

Schwabenland & Ryan, P.C.
James F. Ryan, Esquire
Counsel for Perce-Phelps
995 Old Eagle Road
Suite 306
Wayne Pa. 19087
610-971-9200
jfran@jfranlaw.com



David Hatchigian

David Hatchigian

2414 Township Line Road

Havertown Pa. 19083

610-446-7257 / f 610-527-7516

David3091@outlook.com

10

# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DAVID HATCHIGIAN**
**and JOAN RANDAZZO**                    **CIVIL ACTION No. 20-4110**
*Plaintiffs*

                    **Vs.**

**CARRIER CORPORATION**                **JURY TRIAL DEMAND**
**PEIRCE -PHELPS, INC.**
*Defendants*

## ORDER

     **AND NOW** this_____ day of _____2020, upon

consideration of Pro Se responds to two Motions to Dismiss and is

**Ordered** and **Decreed** that Both Motions are **Denied.**

                         **BY THE COURT**

                         _____
                                      **J**

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

⊃ 2: 0❽

**DAVID HATCHIGIAN AND JOAN**
**RANDAZZO**

**V.**                                                    **Civil Action: 20-4110**

**CARRIER CORPORATION AND**                    **JURY TRIAL DEMAND**
**PEIRCE-PHELPS**


**MEMORANDUM OF LAW OF PLAINTIFFS DAVID HATCHIGIAN AND**
**JOAN RANDAZZO IN OPPOSITION TO DEFENDANT PEIRCE PHELP'S**
**MOTION TO DISMISS**


**I.**   **Statement of Facts**

The above-captioned matter was originally filed in in the Philadelphia

County Court of Common Pleas. Plaintiff David Hatchigian filed a Writ of

Summons on July 1, 2015 and then a Complaint against Carrier Corporation and

Pierce-Phelps on September 20, 2015. (Motion Ex. B)  Plaintiffs have now filed

the present Complaint against the same parties under the same theories as

previously pled in Philadelphia County.  The settlement release was not executed

and there was no dismissal or any final order terminating any aspect of the state

court action prior to the commencement of the present action.


**II.**   **Legal argument**



A.   **Based on a facial reading of the Complaint, this Court should deny Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction Pursuant to Fed.R.C.P. 12(b)(l).**

A corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332; see dicta, *Kelly v. Metro. Grp. Prop. & Cas. Ins. Co*. (6th Cir. 2020) [1] Defendant Peirce Phelps' motion to dismiss improperly disregards that two states of citizenship are possible for Defendant Peirce Phelps. Peirce-Phelps, a Delaware corporation, has locations both in the state of Pennsylvania and at 360 Water St, Wilmington, DE 19804.

Moreover, complete diversity exists based on a facial reading of Plaintiffs' complaint, which correctly cites Delaware as the company's state of incorporation; the mere fact that Defendant Peirce-Phelps is headquartered in Pennsylvania will not preclude complete diversity.  See *Ricketti v. Barry*, 775 F.3d 611 (3rd Cir. 2015) (where  the Third Circuit held there was complete diversity of citizenship among the parties, Ricketti being a citizen of New Jersey, Barry of Pennsylvania, and RestorixHealth of Nevada (its state of incorporation) and New York (the

---

[1] The test for ascertaining corporate citizenship is set forth in the Supreme Court's decision in Hertz Corp. v. Friend , 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Hertz applies when determining the citizenship of a corporation for diversity jurisdiction purposes, see 559 U.S. at 80–81, 130 S.Ct. 118 Gentry v. Sikorsky Aircraft Corp., 383 F.Supp.3d 442 (E.D. Pa. 2019)  Under Hertz , a corporation is a citizen of both (1) its state of incorporation, and (2) the state where the company keeps its "nerve center," i.e., the sole location where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Gentry, *supra*.)

location of its principal place of business).") Doc 1, Para. 26 thus alleges that:  26.

Defendant PEIRCE-PHELPS (hereinafter, "Peirce-Phelps) is a Delaware

corporation engaged in the sale and distribution of air conditioning and heating

systems.   As such, the motion to dismiss based on lack of subject matter

jurisdiction is due to be denied. [2],[3]

Therefore, the motion to dismiss based on lack of subject matter jurisdiction

should be denied at this time, and this case allowed to proceed on the merits.

## B.   The Motion to Dismiss Based on the Statute of Limitations Defense is Likewise Due to Be Denied.

### a.   The federal action was filed as a "continuation" of the state action.

Each of Defendant's arguments based on discovery of the defect in 2013 is

implicitly asserted in reliance on the rule "that the commencement of an action in a

---

[2] If plaintiffs had *arguendo* failed to specify the state of incorporation as Delaware in their pleading, limited jurisdictional discovery would have been appropriate to substantiate Peirce Phelps' CFO's contention of "complete autonomy" (Id., ¶7) *Gentry, supra* (jurisdictional discovery needed to decide citizenship "…a prerequisite for determining whether the Court has diversity subject matter jurisdiction") Assuming the state of incorporation were unavailable for diversity purposes, CFO Subranni's averment that Defendant "…maintains 21 branch sales offices, 13 in Pennsylvania, 5 in New Jersey and one in Delaware." (Doc 8-3, ¶5) and that its HVAC business operations were acquired by a Florida entity last year (Doc 8-3, ¶6) would not support Pennsylvania as "the focal point of all of its business activities" (Id., ¶9)

[3] *Hertz* recognized that anomalies might arise under the nerve center test; for instance if the bulk of a company's activities which are visible to the public take place in New Jersey but the top officers run the business from New York, the company's principal place of business, for diversity purposes, is in New York. Id.



Pennsylvania court does not toll the statute of limitations applicable to a
subsequent action commenced in federal court."

However, in *Falsetti v. United Mine Workers of America*,
355F.2d658,662(3dCir.1966), the court rejected appellant's contention that his
prior, unsuccessful, state court action served to toll the limitations period for his
subsequently filed federal action. See also *Royal Globe Ins. Co.v. Hauck Mfg. Co.*,
335A.2d460, 462(Pa. Super.Ct . 1975)("An action in state courtdoes not toll the
running of the statute of limitations against subsequent action in federal
court."(*citing Falsetti*, 355F.2dat 662)) The *Falsetti* line of cases is distinguishable
from the instant action, and there are additionally relevant precedents for tolling
under the circumstances pled here. For example, in *Holmes v. Strawbridge &
Clothier*, No. 94-1999, 1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994), the
plaintiff had filed various state law claims in Pennsylvania state court. While those
claims were still pending, the plaintiff brought a separate action in federal court
that asserted the same claims that were pending in state court, along with a related
federal claim. Id. The court ruled that the state law claims in the federal action
were not barred by the statute of limitations, and that plaintiff was entitled to
tolling because the earlier state action was filed within the limitations period.

Specifically, the *Holmes* court distinguished the *Falsetti* line of cases on two
grounds. First, the court noted that "[those] cases are inapplicable to the instant



matter because this plaintiff's action has not been dismissed by the state court." Id. at *3. Second, the court observed that in *Falsetti*, the state law claims had been "fully adjudicated by the state court prior to the plaintiff's re-filing of identical state law claims in federal court. Therefore, had the district court in *Falsetti* exercised pendent jurisdiction over the state law claims in that case, it would have provided a forum for the state law claims where none existed." Id. (citation omitted). The *Holmes* court reasoned that in the case before it, because the state action was still pending, the exercise of federal jurisdiction over the state claims would not create a forum where none existed.

In contrast, the procedural history of this case and the absence of discontinuance/termination of the state court litigation invoke the procedural facts in *Holmes*, and displaces the *Falsetti* rule given that Plaintiff Hatchigian did not obtain a discontinuance of the state court adjudication of the instant dispute before or after filing his challenge to settlement validity. While it is correct to say that § 5535(a)(1) provides that if a party timely commences an action that is later terminated, that party may commence a new lawsuit on the same cause of action within one year of the termination. (42 Pa. Cons. Stat. § 5535), this subsection of 5535 is not relevant to the state court action here, where the action was at no point dismissed.  Instead, the court should take judicial notice of the record from a previous court proceeding between the parties. See *Oneida Motor Freight, Inc. v.*



*United, Jersey Bank*, 848 F.2d 414, 416, n. 3 (3d Cir. 1988)   The proceedings in

the state court action provide a record basis for inferring the sufficiency of notice

of the substance of Plaintiff's claims, and that permitting the federal suit to proceed

would not result in any harm or prejudice to defendant, nor does it entitle

defendant to a defense under the statute of limitations.  As in in *Holmes*, in the

absence of such dismissal/ termination of the state suit, the tolling rule codified at §

5535 (pursuant to which the filing of a prior state action will not toll the limitations

period for a subsequently filed state action where the first action was terminated by

a discontinuance) provides no basis for adhering to the prohibition in Falsetti.

In addition, there is no question that arise as to "conditional dismissal" as in

*Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), i.e., because there was no

dismissal to start with, and it is undisputed that if Defendant had successfully

removed the state court case to federal court, the claims would not be barred by the

statute of limitations. See, e.g., *Heater v. Kidspeace*, No. 05-4545, 2005 WL

2456008, at *2 (E.D. Pa. Oct. 5, 2005).

Finally, in addition to the fact that the state court action was at no point

dismissed or discontinued, none of Plaintiffs' causes of action have been

adjudicated on the merits.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion to

Dismiss be denied in its entirety.

Dated this ___ day of November ___, 2020


Respectfully submitted,

*David Hatchigian*
_____
**DAVID HATCHIGIAN, PLAINTIFF PRO SE**

*Joan Randazzo*


_____
**JOAN RANDAZZO, PLAINTIFF PRO SE**


November 2, 2020



## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**DAVID HATCHIGIAN**
**And JOAN RANDAZZO**                          **Civil Action 20-cv-4110**
*Plaintiffs*

**Vs.**

**CARRIER CORPORATION**
**And PEIRCE-PHELPS, INC**                     **JURY TRIAL DEMAND**
*Defendants*

## CERTIFICATE OF SERVICE

**I** hereby certify that on November 3, 2020, a copy of Plaintiffs response to

Defendants Motion to Dismiss was mailed on above date and e-file with the Court

To:

Marshall, Dennehey, Warner, Coleman, & Goggin
Carolyn M. Schweizer Esquire
Counsel for Carrier Corporation
2000 Market Street
Suite 2300
Philadelphia Pa. 19103
215-575-4569 /f 215-575-0856
cmschweizer@mdwcg.com

Schwabenland & Ryan, P.C.
James F. Ryan, Esquire
Counsel for Perce-Phelps
995 Old Eagle Road
Suite 306
Wayne Pa. 19087
610-971-9200
jfran@jfranlaw.com



David Hatchigian

David Hatchigian

2414 Township Line Road

Havertown Pa. 19083

610-446-7257 / f 610-527-7516

David3091@outlook.com

11/26/2020

Mail - David Hatchigian - Outlook

# DAVID HATCHIGIAN VS CARRIER #20-cv-4110

David Hatchigian <david3091@outlook.com>

Thu 11/26/2020 11:34 AM

**To:** Gail Olson <Gail_Olson@paed.uscourts.gov>

Hello Ms. Olson, i still am un able to log on to my case using login dh4476, p.w. Dhpa7257. can you help me? thank you.   david hatchigian

# DAVID HATCHIGIAN

David Hatchigian <david3091@outlook.com>

Thu 11/26/2020 11:42 AM

To: ecf_paed@paed.uscourts.gov <ecf_paed@paed.uscourts.gov>

I HAVE BEEN APPROVED FOR ECF AND WHEN I PUNCH IN MY LOGIN DH4476 AND P.W. dHPA7257 I AM UNABLE TO CONNECT. CAN YOU HELP ME?  DAVID
HATCHIGIAN

Sent from Mail for Windows 10



U.S. POSTAGE PAID
LANSDALE, PA
LOWE
NOV 27, 20
AMOUNT
$1.80
R2304412771-27

Mr David Hatchigian
2414 W Township Line Rd
Havertown PA 19083-5236