"Exhibit H"

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **DAVID HATCHIGIAN** | : | |
| *Plaintiff* | : | |
| | : | **JUNE TERM, 2015** |
| | : | |
| **vs.** | : | |
| | : | **No. 4314** |
| | : | |
| **CARRIER CORPORATION** | : | **1514 EDA 2017** |
| | : | |
| **PEIRCE-PHELPS, INC.** | : | |
| *Defendants* | : | |
| | : | |

## OPINION

This opinion is issued pursuant to an appeal of the Court's order denying Plaintiff David

Hatchigian's Motion to Invalidate Settlement in the above-captioned breach of contract action.

Plaintiff filed his *pro-se* complaint on September 20, 2015, alleging various counts

against defendants Carrier Corporation and Peirce-Phelps, Inc., in connection with Plaintiff's

purchase of an air conditioning unit. According to the complaint the Plaintiff, the owner-lessor

of an apartment building, purchased an air conditioning system from Defendant Peirce-Phelps,

Inc., a distributor of air conditioning units, for use in his apartment building. The unit was

manufactured by Carrier Corporation. The air conditioner allegedly proved defective and caused

mold to grow in the property, sickening Plaintiff's tenants and requiring them to evacuate the

premises, thus leading to lost rental income for Plaintiff. Plaintiff alleged, *inter alia*, that

Defendant Peirce-Phelps, Inc., violated its contract of sale by failing to deliver a working air

conditioning system and by failing to repair it once notified of its defective condition. Plaintiff

Hatchigian Vs Carrier Corp. Etal-OPFLD



15060431400098

also sought to hold liable Defendant Carrier Corporation for negligence in its design of the system. Carrier Corporation and Peirce-Phelps filed their answers on October 20, 2015, and October 29, 2015, respectively. The matter proceeded to arbitration and on March 30, 2016, the arbitrators found in favor of Defendants. On April 25, 2016, Plaintiff appealed from the decision of the arbitrators. The matter was scheduled for trial on January 23, 2017. On the day of trial the Plaintiff, then represented by counsel, agreed to a settlement with Defendants, the terms of which were placed on the record. In pertinent part, Plaintiff was to receive $3,000.00 in exchange for an agreement to dismiss his claims against Defendants. Plaintiff David Hatchigian was sworn and stated on the record that he accepted the settlement as read. (N.T. 1/23/17 pgs. 3-4).

On March 5, 2017, the Plaintiff, now pro-se, filed a Motion to Invalidate Settlement, alleging that Defendants had wrongfully withheld the settlement funds. Defendants filed their respective Answers in opposition on March 16, 2017. On April 18, 2017, a hearing was held on Plaintiff's motion. The Court heard evidence that Plaintiff had refused to execute the release provided to him by defendants, and that settlement funds were withheld for this reason. On April 18, 2017, the Court denied Plaintiff's motion, writing in its order: "Plaintiff was represented by counsel at the original settlement. The Court finds Plaintiff's pro se conduct unreasonable in failing to sign an appropriate and necessary release in order to secure the funds from Defendants' insurance company."

On May 5, 2017, Plaintiff timely filed the instant appeal. On May 11, 2017, the Court issued an order pursuant to Pa.R.C.P. 1925(b), directing Plaintiff to file a concise statement of matters complained of on appeal within 21 days of the entry of the order on the docket. On May

31, 2017, Plaintiff timely filed his Statement of Errors.  Plaintiff states in his 1925(b) statement

that he intends to raise the following issues on appeal:

> "1) Whether the court should have granted the Motion to Invalidate (Order dated April
> 18, 2017) and restored this case to the trial calendar where counsel at the original
> settlement was not counsel of record, entered no appearance and had no apparent
> settlement authority."

> "2) Whether the denial of a jury trial was an abuse of discretion under *Wertz v. Chapman*
> Township, 559 Pa. 630 (1999), where Jury Trial Fees were paid and Plaintiff's motion for
> a jury trial of July 26, 2016 was unopposed."

The gravamen of Plaintiff's first complaint, then, is that the Court should have granted his

Motion to Invalidate Settlement.  This complaint is without merit.

The record shows that a settlement was agreed to by the parties on the day of trial and

Plaintiff himself testified that he approved the settlement. (N.T. 1/23/17 pgs. 3-4).  Plaintiff was

represented by counsel at this time.  Subsequently, Plaintiff refused to return the executed

release.  Pennsylvania Rules of Civil Procedure 229.1 provides in pertinent part:

> (c) If a plaintiff and a defendant have entered into an agreement of settlement, the
> defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the
> plaintiff if unrepresented, within twenty calendar days from receipt of an executed
> release.

> (d) If settlement funds are not delivered to the plaintiff within the time required by
> subdivision (c), the plaintiff may seek to

> (1) invalidate the agreement of settlement as permitted by law…

Plaintiff in his Motion to Invalidate Settlement specifically invoked Pa.R.C.P. 229.1(d)(1) and

requested the Court invalidate the agreement reached with Defendants on the day of trial.

Plaintiff's complaint was and is invalid on its face – Plaintiff cannot invalidate the agreement on

the basis that Defendants had failed to comply with Pa.R.C.P. 229.1(c) by failing to deliver the

settlement funds to him within 20 days of the receipt of an executed release when Plaintiff

himself failed to deliver the executed release.  In a subsequent response to Defendant's answer to

his motion, Plaintiff claimed not to have received the release from Defendants, but nonetheless indicated that he was "unwilling to sign Defendants' release." Rather, he indicated that he would only sign an order marking the case settled after first receiving settlement funds. In other words, he was not willing to comply with the settlement. At the hearing Plaintiff indicated that he still would not sign a release. The Court properly found that this behavior was unreasonable and that Plaintiff was not entitled to relief under Pa. R.C.P. 229.1(c).

On appeal, Plaintiff now raises a new issue: that counsel who represented him on the day of the trial was not really his attorney and had no authority to settle the case. This issue was never presented to the trial court and cannot be raised for the first time on appeal. In any case it is moot, because Plaintiff personally testified that he agreed to the settlement.

As to Plaintiff's second issue, this matter was, prior to settlement, ready to be heard as a non-jury trial. Prior to this appeal Plaintiff never raised the issue of his right to a jury trial. The case cited by Plaintiff, *Wertz v. Chapman Township*, 559 Pa. 630 (1999), is inapposite, dealing as it does with the question of when a plaintiff is entitled to a jury trial as opposed to a non-jury trial. This has nothing to do with the question of whether a settling Plaintiff can revive a civil action after having agreed to a settlement and then abrogated it. If Plaintiff intends to raise the question of whether the Court's refusal to invalidate his voluntarily agreed to settlement abridges his right to *a trial*, our Courts have held that settlement agreements are enforceable. *Century Inn, Inc. v. Century Inn Realty, Inc.*, 516 A.2d 765, 767 (Pa. Super. 1986). Having agreed to settle the case and acted unreasonably in failing to effectuate the settlement, Plaintiff cannot complain that his right to jury trial has been abridged. Therefore Plaintiff's second issue raised on appeal is without merit.

4

For the above-stated reasons, Plaintiff's appeal is without merit and the decision of the Court should be affirmed.

July 5, 2017

_____
**Gene D. Cohen**                    **J.**