# THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DAVID HATCHIGIAN AND        :
JOAN RANDAZZO              :
                               :
        vs.                 :       CIVIL ACTION NO. 20-4110
COUNTY OF PHILADELPHIA,    :
COURT OF COMMON PLEAS     :
OF PHILADELPHIA COUNTY,     :
CARRIER CORPORATION and    :
PEIRCE-PHELPS             :

---

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OF DEFENDANT, PEIRCE-PHELPS, LLC FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12 (b) 1 AND PURSUANT TO F.R.C.P. 12 (b) (6)

Defendant, Peirce-Phelps, LLC, by and through its attorney, James F. Ryan, Esquire,

hereby submits this Motion to Dismiss pursuant to the Federal Rules of Civil Procedure 12 (b)

(1) and 12 (b) (6), seeking dismissal of Plaintiff's Amended Complaint, with prejudice.

Specifically, moving defendant asserts that Plaintiffs' Amended Complaint should be

dismissed with respect to all claims for the following reasons:

1. The court lacks subject matter jurisdiction pursuant to the <u>Rocker-Feldman
   Doctrine</u> as plaintiffs' claims have already been litigated in State Court prior
   to the filing of the within Federal action; and/or Plaintiffs' claims are
   inextricably intertwined with the previous State Court adjudication.

2. The court lacks subject matter jurisdiction as the plaintiffs and defendant, Peirce-Phelps, LLC, are both citizens of Pennsylvania and therefore, complete diversity does not exist.

3. The court lacks subject matter jurisdiction over plaintiffs' claim under the Magnuson Moss Warranty Act for failure to plead an amount in controversy greater than the financial threshold set forth in the Act.

4. The applicable Statutes of Limitations have expired for the plaintiffs' claims based on contract, negligence as well as the Unfair Trade Practices and Consumer Protection Law;

5. Plaintiffs' claims are barred under Res judicata.

## I. INTRODUCTION

The plaintiffs have filed an Amended Complaint after their original Complaint was dismissed, without prejudice, for lack of subject matter jurisdiction on December 3, 2020. (See Plaintiffs' Amended Complaint attached hereto as Exhibit "A").

Plaintiffs' first Complaint identified Carrier Corporation and Peirce Phelps as defendants and was, in essence, identical to the Complaint that plaintiff, Hatchigian, filed in September, 2015 in the Court of Common Pleas of Philadelphia County. (See Plaintiffs' State Court Complaint attached hereto as Exhibit "B" to Exhibit "A").

Perhaps in an attempt to circumvent the subject matter jurisdiction hurdle caused by the absence of complete diversity, the plaintiffs have filed an Amended Complaint adding 2 new defendants, namely, the County of Philadelphia and the Court of Common Pleas of Philadelphia

County, alleging a violation of their constitutional rights to due process under the Fourteenth Amendment of the United States Constitution, thereby raising a Federal question. (Count II) The plaintiffs have also asserted a claim based upon the violation of the Pennsylvania Constitution (Count III), and a violation of 42 U.S.C. §1983 seeking injunctive relief (Count IV). The Amended Complaint also purports to seek Declaratory Judgment, based on allegations that the Plaintiff was deprived of his day in court by the County of Philadelphia. (Count V)

Finally, Counts VI through XI incorporate the Plaintiffs' State Court Complaint filed in 2015 against Carrier Corporation and Peirce Phelps. (See Exhibit "B" attached to Exhibit "A"). The incorporated State Court Complaint sets forth numerous Counts based upon Breach of Contract, Negligence as well as a violation of the Magnuson Moss Warranty Act and Unfair Trade Practices and Protection Law.

It is important to set forth the lengthy procedural history involving this matter. The Plaintiffs' 2015 State Court action was resolved for $3,000.00 through a Court approved settlement on January 23, 2017, prior to a scheduled non-jury trial. Despite agreeing to the settlement, on the record, the plaintiff refused to execute the Settlement Agreement and then filed a Motion to Invalidate the Settlement alleging that the defendants wrongfully withheld the settlement funds. The Trial Judge denied Plaintiffs' motion after which the plaintiff filed an appeal to the Pennsylvania Superior Court which in May 2018, affirmed the Trial Court's denial of plaintiffs' Motion to Invalidate the Settlement.

The next event occurred in August 2020 when the Plaintiffs filed a Federal Court action, pleading the same general facts and allegations stemming from the purchase of a rooftop air-

conditioning unit in 2005 in which the Plaintiff admits that his first observation of an alleged

defective condition in the unit occurred in 2013, over seven (7) years before the filing of

Plaintiffs' Complaint. Plaintiffs' Amended Complaint alleges the same facts.

As noted, Plaintiffs' first Federal Court Complaint was dismissed, without prejudice, for

lack of subject matter jurisdiction as there did not exist complete diversity.

On December 18, 2020, the Plaintiffs filed an Amended Complaint adding the two (2)

new defendants, namely, the County of Philadelphia and the Court of Common Pleas of

Philadelphia County, alleging violations of State and Federal Constitutions and maintaining that

this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

As detailed below, Peirce-Phelps asserts that despite the plaintiffs' attempts to create a

Federal question, under the Rooker-Feldman doctrine, the U.S. Supreme Court deprives the

Federal District Court of subject matter jurisdiction to review a State Court adjudication. See

Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923) and District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462 (1983). See also Lauxmont Holdings v. County of York, 208

W.L. 1149, 7849, in which the Court held… "a claim is barred by Rooker-Feldman under two

circumstances: first, if the case was actually litigated in State Court prior to the filing of the

Federal action; or second, if the claim was inextricably intertwined with the State adjudication,

meaning that Federal relief can only be predicated upon a conviction that the State Court was

wrong." Lauxmont, supra at p. 7, citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 41,

420 (3rd Cir. 2003) (citing Parkview Associates Partnership v. City of Lebanon, 225 F3d 321,

325 (3rd Cir. 2000) ).

Moving defendant, Peirce-Phelps, LLC asserts that plaintiffs have already lost their claim in State Court and now in an effort to gain jurisdiction in Federal Court, allege that the rulings in the State Court caused a violation of their civil rights. Further, plaintiffs' current Federal Court claim is "inextricably intertwined with the State adjudication", since the plaintiff claims that the denial of his motion and subsequent appeal constituted a violation of his constitutional right to due process. The plaintiffs' relief can only occur upon a determination by this Court that the State Court was wrong. Lauxmont, supra at p.7 (See also Pennsylvania Superior Court Opinion attached hereto as Exhibit "I" to Exhibit "A").

Further, despite this Court's Order of December 3, 2020, dismissing Plaintiffs' Complaint for lack of complete diversity, the plaintiffs allege at paragraph 10 of the Amended Complaint that this case involves citizens of different states despite the fact that moving defendant, Peirce-Phelps maintains its principal place of business in the Commonwealth of Pennsylvania, as set forth below. Nothing has changed and defendant, Peirce-Phelps asserts that there does not exist complete diversity among the parties.

The plaintiffs have also asserted a claim based upon the Magnuson Moss Warranty Act by incorporating their State Court Complaint at Count IV. Respectfully, moving defendant asserts that this court lacks subject matter jurisdiction over that claim as the amount in controversy fails to meet the financial threshold set forth in the Magnuson Moss Warranty Act.

The plaintiffs maintain at paragraph 12 that venue is proper in the Middle District, however it is assumed that this was pled in error as the case has been filed in the Eastern District of Pennsylvania.

Also, and as set forth in moving defendant's original Motion to Dismiss filed pursuant to F.R.C.P. 12(b), each of the plaintiffs' claims asserted against moving defendant, Peirce-Phelps is barred, pursuant to the applicable Statutes of Limitations as they apply to Contracts, and Negligence, as well as the Unfair Trade Practices and Consumer Protection Law and the Magnuson Moss Warranty Act. Further, Peirce Phelps, LLC asserts that plaintiffs' civil rights claims set forth at Counts II through V are likewise time barred.

Finally, moving defendant asserts that under the principle of Res Judicata, or claim preclusion, plaintiffs' claims are also barred as there has already been a final judgment entered upon the merits of this case which were extensively litigated and which resulted in a settlement which was approved by the court and later affirmed by the Pennsylvania Superior Court.

## II.     ARGUMENT

### 1.  <u>Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a Federal Court's subject matter jurisdiction. "When the subject matter jurisdiction is challenged under Rule 12 (b)(1), the plaintiff must bear the burden of persuasion." <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F. 2d 1406, 1409 (3rd Cir. 1991).

A Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction can take two forms, facial or factual attacks. In reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12 (b)(1) for lack of subject matter jurisdiction, which attacks the Amended Complaint as deficient on its face, the Court takes all allegations in the Amended Complaint as true. <u>Ortensen v. First Federal Sav. And Loan Ass'n</u>, 549 F 2d 884, 891 (3rd Cir. 1977). When, however, the motion attacks the existence of subject matter jurisdiction in fact, no presumptive

truthfulness attaches to plaintiffs' allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891; see also Carpet Group Intern. V. Oriental Rug Importers Ass'n, Inc., 227 F. 3d 62, 69 (3rd Cir. 2000).

In ruling on a Rule 12 (b)(1) motion, the Court may consider affidavits and other evidence outside the pleadings. Id.; Federal Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996 at *3 (E.D. Pa. Jan. 21, 2000) (unpublished) (citation omitted).

## 2. Plaintiffs Fail to Establish Subject Matter Jurisdiction

### (A) Rooker-Feldman Doctrine

Paragraph 8 of Plaintiffs' Amended Complaint maintains that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 based upon alleged violations by defendants, County of Philadelphia and Court of Common Pleas of Philadelphia County, maintaining that the plaintiffs were deprived of their constitutional right to due process, thereby invoking Federal question jurisdiction due to the State Court rulings.

As summarized, the parties reached a settlement of the underlying State Court action in January 2017. The plaintiff refused to sign a Settlement Agreement and then filed a Motion to Invalidate the Settlement which was denied by the Trial Court. That Order was appealed to the Pennsylvania Superior Court which affirmed the decision of the Trial Court in April 2018. (See Exhibit "I" attached to Exhibit "A").

The plaintiffs' claims set forth in their Amended Complaint as against the City of Philadelphia and the Court of Common Pleas of Philadelphia County maintain that the Court was

in error in denying their Motion to Invalidate the Settlement, thereby depriving them of their right to due process.

The plaintiffs lost their underlying case after a judicial determination was made by the Pennsylvania Appellate Courts and now the plaintiffs seek the District Court to overrule the State Court decision.

Pursuant to <u>Rooker-Feldman</u>, which takes its name from two separate U.S. Supreme Court decisions, a Federal District Court is deprived jurisdiction to review a State Court adjudication. See <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

The doctrine is originated from 28 U.S.C. 1257 by which congress granted the Supreme Court, but not other Federal Courts, the power to review State Court decisions. <u>Gary v. Braddock Cemetery</u>, 517 F3d 195, 200 (3rd Cir. 2008). It has been stated that "a claim is barred by <u>Rooker-Feldman</u> under two circumstances: first, if the claim was actually litigated in State Court prior to the filing of the Federal action, or second, if the claim is inextricably intertwined with the State adjudication, meaning that Federal relief can only be predicated upon a conviction that the State Court was wrong. <u>Lauxmont</u>, supra, citing <u>Desi's Pizza v. City of Wilkes-Barre</u>, 321 F.3d 41, 420 (3rd Cir. 2003).

Later, the U.S. Supreme Court, while cautioning that the <u>Rooker-Feldman</u> doctrine has sometimes been construed to extend too far, it emphasized the narrow scope of the doctrine, holding that it is confined to cases of the kind from which the doctrine acquired its name, namely, cases brought by State Court losers complaining of injuries caused by State Court judgments rendered before the District Court proceedings commenced and inviting District Court

review and rejection of those judgments. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005) citing Turner v. Crawford Square Apartments, III, LP, 449 F3d 542, 546 (3rd Cir. 2006) (quoting Exxon Mobil, 544 U.S. at 284) )

It was held in Moncrief v. Chase Manhattan Mortgage Corp., C.A. No. 07-4145, 2008 W.L. 181 3161 at p. 2 (3d Cir. 2008) that the doctrine applies only when a plaintiff asks a District Court to redress an injury caused by the State Court judgment itself – not when a plaintiff merely seeks to relitigate a claim on an issue already litigated in State Court."

Moving defendant asserts that the plaintiffs are seeking to redress an injury which they maintain was caused by the Pennsylvania Court which denied their motion and subsequent appeal. The plaintiffs are requesting the District Court to reject the decisions of the Pennsylvania Appellate Court.

In Feldman, supra, the plaintiff filed a Complaint in the United States District Court for the District of Columbia, challenging the District of Columbia Court of Appeals' refusal to waive a procedural rule on his behalf. Specifically, the Complaint stated that the defendant's refusal to consider Feldman's individual qualifications to practice law was unlawful in view of his demonstrated fitness and competence, as well as the prior admission to the D.C. Bar of other individuals who did not attend an accredited law school, like Feldman. While the Opinion addresses at length whether the decision to deny Feldman's request was a judicial act, the Court determined that it was a judicial act and ruled that U.S. District Courts have no jurisdiction over challenges to State Court decisions in cases arising out of judicial proceedings, even if those challenges allege that the State Court's action was unconstitutional. Likewise, plaintiffs herein request this Court to overturn the judicial proceedings from the Pennsylvania Superior Court

ruling against them, now claiming that their rights were violated.

The plaintiffs herein are dissatisfied with the denial of their Motion to Invalidate the Settlement and appeal to the Pennsylvania Superior Court and claim that they sustained injuries in the form of a violation of their constitutional rights to due process, as a result, rendered 2 ½ years before the plaintiff commenced his Federal Court action. The purpose of the plaintiffs' District Court Complaint is to invite the District Court to review and reject the arguments of the Pennsylvania Supreme Court, not to mention, an effort to gain federal question jurisdiction.

Finally, in Lauxmont Holdings, supra, the District Court for the Middle District of Pennsylvania reviewed in detail the Rooker-Feldman doctrine, however it did not apply the doctrine since the plaintiff did not claim that the State Court adjudication caused its injuries. In the case at bar, the plaintiffs specifically maintain that their constitutional rights to due process have been violated and they specifically request the District Court to reverse the findings of the Pennsylvania Superior Court. Defendants respectfully submit that this encompasses the purpose of Rooker-Feldman in the first place, which is confined to those cases in which the plaintiffs have lost in State Court before the institution of suit in Federal Court and complains of injuries caused by the State Court judgments and invites the District Court to reject those State Court findings.

Another consideration for the application of Rooker-Feldman is the situation in which the plaintiff's claim is "inextricably intertwined with the State adjudication, meaning that Federal relief can only be predicated upon a conviction that the State Court was wrong". Lauxmont, supra at p.6, citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F3d 411, 420 (3rd Cir. 2003) (citing Parkview Associates Partnership v. City of Lebanon, 225 F3d 321, 325 (3rd Cir.) ).

-10-

Respectfully, it is apparent that the plaintiffs' claims herein are in fact inextricably intertwined with the State Court adjudication, as the plaintiffs' prayer for Federal Court relief can only be predicated upon a finding by the Federal Court that the State Court was in error.

Respectfully, Peirce-Phelps, LLC asserts that this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

Assuming plaintiffs' claims against defendant, City of Philadelphia and the Court of Common Pleas of Philadelphia are dismissed, the court also lacks subject matter jurisdiction over the plaintiffs' State Court claims, as there exists a lack of complete diversity which was the subject matter of Peirce-Phelps' Motion to Dismiss plaintiffs' original Federal Court Complaint which was granted. (See Memorandum Opinion of December 3, 2020, attached hereto as Exhibit "B").

### (B) Lack of Diversity

The principal federal statute governing diversity jurisdiction 28 U.S.C. §1332, gives Federal District Courts original jurisdiction over all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000.

In order to sustain diversity jurisdiction, all of the parties on one side of the controversy must be citizens of different states than all of the parties on the other side, Midlantic National Bank v. Hansen, 48 F. 3d 693, 696 (3rd Cir. 1995), and there must be complete diversity – that is, no plaintiff may be a citizen of the same state as any of the defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).

The necessary allegations of each party's citizenship must affirmatively appear on the face of the Amended Complaint. Krasnov v. Dinan, 465 F. 2d 1298, 1300 (3rd Cir. 1972);

-11-

Midlantic National Bank v. Hansen, 48 F. 3d 693, 696 (3rd Cir. 1995). ("For purposes of diversity jurisdiction, "a corporation shall be deemed to be citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. Section 1332 (c).").

Plaintiff has the burden of pleading jurisdiction and must state each party's citizenship so that complete diversity can be confirmed. Chem Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F. 3d 210, 222 n. 13 (3rd Cir. 1999)

In Plaintiffs' Amended Complaint, Section 2 which addresses Jurisdiction and Venue makes no reference in any capacity to Peirce-Phelps.

Section III of Plaintiffs' Amended Complaint entitled "The Parties" makes reference only to Peirce-Phelps as a Delaware Corporation engaged in the sale and distribution of air conditioning and heating systems.

To be clear, Peirce-Phelps, LLC, while incorporated in Delaware, maintains its principal place of business in Blue Bell, Pennsylvania and as set forth in the attached Affidavit of Robert Subranni, Vice President and CFO of Peirce-Phelps, its corporate headquarters are located in Blue Bell, Pennsylvania where all of its core executive and administrative functions are carried out. Further, Peirce-Phelps' corporate headquarters in Blue Bell, Pennsylvania, directs, manages and oversees its entire sales force and is without question the "nerve center" of Peirce-Phelps, LLC. (See Affidavit of Robert Subranni attached hereto as Exhibit "C").

The U.S. Supreme Court in Hertz Corp. vs. Friend, 559 U.S. 77, 130 S. C.T. 1181 (2010), addressed this specific issue insofar as the significance of the principal place of business in the Federal diversity jurisdiction statute. The principal place of business is the place where a

-12-

corporation's officers direct, control and coordinate the corporation's activities or in other words, the corporation's "nerve center" in practice should normally be the place where the corporation maintains its headquarters. See Hertz, supra at p 1192-1195.

As noted above, 28 U.S.C. Section 1332 (c) 1 provides that "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. The Court concluded that the phrase "principal place of business" refers to the place where the corporations high level officers direct, control and coordinate the corporation's activities. Hertz, supra at 1186.

Moving Defendant, Peirce-Phelps, LLC respectfully asserts that its "nerve center," a phrase adopted by the U.S. Supreme Court in Hertz, supra, is without question located in the Commonwealth of Pennsylvania where Peirce-Phelps maintains its corporate headquarters which is its center of direction, control and coordination. (See Subranni Affidavit attached as Exhibit "C")

Since the plaintiffs and defendant, Peirce-Phelps, LLC are both citizens of Pennsylvania, complete diversity does not exist in this instance and since the Court lacks subject matter jurisdiction over this matter, it must dismiss Plaintiffs' Amended Complaint.

### C. Magnuson Moss Warranty Act

The Plaintiffs have also asserted a claim based upon an alleged violation of the Magnuson Moss Warranty Act 15 U.S.C. §2301, et seq., and as a result maintain that this court has federal question jurisdiction under 28 U.S.C. §1331.

As the court noted in its Memorandum Opinion of December 3, 2020. (See Exhibit "B"), claims brought under Magnuson Moss may not be brought in Federal Court if "the amount in

controversy is less than a sum of value of $50,000.00 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit." 15 U.S.C. §2301(d)(3)(D). It has been held that the plaintiffs good faith allegation of damages controls the jurisdictional inquiry unless it "appears to a legal certainty that the claim was really for less than the jurisdictional amount. Suber v. Chrysler Corp., 104 F.3d 578, 583 (3rd Cir. 1997) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ).

The plaintiff has now filed three (3) separate Complaints with respect to his claims, namely, the original Complaint filed in State Court in 2015, followed by the original Federal Court Complaint filed in August 2020, and now the Amended Complaint filed in December 2020 which is the subject of moving defendant's Motion to Dismiss.

Initially, the plaintiff agreed to settle this matter for $3,000.00, which as a practical matter provides at least some indication regarding the value of plaintiffs' claim.

In plaintiffs' Complaint filed in August 2020, they maintained that in total, their estimated out-of-pocket costs in contracting fees and labor, materials and other unanticipated costs was approximately $30,000.00. (See Exhibit "B").

In Plaintiffs' Amended Complaint, aside from the addition of a new claim for exemplary damages, in an effort to allege for an amount in excess of $50,000.00, paragraph 9 now allege damages which include prior litigation costs, including $10,000.00 in lost rents, court fees and litigation expenses including legal research. The plaintiffs also include the $3,000.00 in settlement funds which they did not receive because Mr. Hatchigian refused to sign the Settlement Agreement.

Respectfully, the plaintiffs' efforts at attempting to allege damages in excess of

-14-

$50,000.00 is groundless and without merit.

This court held in <u>Neilon v. Chrysler Corporation</u>, No. Civ. A. 97-5749, (1997 W.L. 79 8666 at p. 1) (Ed. Pa. December 11, 1997) that "only certain items may be counted to arrive at this $50,000.00 minimum. Because the Magnuson Moss Act involves a Breach of Warranty, the standard measure of damages is the difference between the value of goods as warranted and the value of the defective goods. See Pa. Stat.Ann.Tit. 13 at §2714(b)." <u>Neilon</u>, Id. at p.1. The plaintiffs are required to use good faith in asserting allegations of damages. The plaintiffs have asserted a claim for $5,000.00 for legal research which stretches the imagination and strongly suggests that the plaintiffs have failed to present good faith allegations of damages.

Respectfully, under the Magnuson Moss Warranty Act, the measure of damages in the claim being asserted by the plaintiffs herein is well below the $50,000.00 threshold as the plaintiff has repeatedly alleged that the value of the allegedly defective air-conditioning unit was $15,000.00. Respectfully, even giving the plaintiffs the benefit of the doubt, for purposes of the Magnuson Moss Act, their claim must fail.

## 2. <u>Motion to Dismiss Under F.R.C.P. 12 (b)(6) – Statute of Limitations</u>

Plaintiffs' Amended Complaint at Counts VI through XI incorporates by reference Counts I through V of Plaintiffs' original State Court action filed in 2015. The 2015 State Complaint is attached as Exhibit "B" to Plaintiffs' Amended Complaint, which is attached to Defendant's motion as Exhibit "A".

Counts I and IV of the State Court Complaint sound in Contract, while Count II is based on Negligence. Count III of Plaintiffs' State Court Complaint alleges violations of the Unfair

-15-

Trade Practices and Consumer Protection Law and Count IV alleges violation of the Magnuson Moss Warranty Act.

Briefly, Plaintiffs' Amended Complaint alleges that fifteen (15) years ago in 2005, they purchased a Carrier rooftop air conditioning unit from moving defendant, Peirce-Phelps (See paragraph 17 of Exhibit "A"). The Amended Complaint also alleges that in 2013, seven (7) years before filing the within Amended Complaint, the plaintiffs discovered alleged malfunctions in the air conditioning unit allegedly causing water damage in or around the roof of his property. (See paragraphs 18 through 93 of Exhibit "A").

The plaintiffs now come forward seven (7) years later in 2020 and alleges on the face of the Amended Complaint that Mr. Hatchigian discovered the alleged defects in the air conditioning unit in 2013. Despite having knowledge of alleged defects and an alleged breach, the plaintiff failed to file the within District Court action within the statutes of limitations as they apply to Contracts and Negligence as well as the Unfair Trade Practices and Consumer Protection Law and Magnuson Moss Warranty Act. Specifically, in the original State Court Complaint, which is incorporated into this Amended Complaint, the plaintiff has alleged a Breach of Contract, (Count I), violations of the Magnuson-Moss Warranty Act (Count IV) and Breach of Warranty (Count V), all of which are subject to the Pennsylvania four year statute of limitations. The plaintiff has also included a Negligence Count (Count II) which is subject to the Pennsylvania two year statute of limitations and finally, the plaintiff has included a claim based upon an alleged violation of the Unfair Trade Practices and Consumer Protection Law (Count III), which is subject to a six year statute of limitations.

The United States Supreme Court in <u>Bell Atlantic Corporation v. Twombly</u>, 127 S. Ct. 1955 (2007), clarified the standard of review in deciding a Motion to Dismiss pursuant to F.R.C.P. 12 (b) 6. When considering these Motions, the Trial Court need not accept as true legal conclusions or unwarranted factual inferences. The role of the Court is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence that support their claims.

Generally, in ruling on a Motion to Dismiss, the Court relies on the Complaint, attached exhibits, and the matters of public record, including other judicial proceedings. <u>Sands v. McCormick</u>, 502 F. 3d 263, 268 (3rd Cir. 2007).

In ruling on a Motion to Dismiss based upon the statute of limitations, the Court must determine whether "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Jordan vs. Crandley</u>, 1999 WL 718 616 (Ed. Pa. 1999) (quoting <u>City vs. Bridgewater</u>, 892 F. 2d 23, 25 (3rd Cir. 1989). When the Amended Complaint facially shows non-compliance with the applicable statute of limitations, a Motion to Dismiss on these grounds should be granted. See <u>Oshiver v. Levin</u>, 38 F. 3d 1380, 1384 N1 (3rd Cir. 1994).

## A. Counts I, IV and V in State Court Complaint Based on Contracts is Barred by the Four (4) Year Statute of Limitations

Although Federal Rule of Civil Procedure 8 (c) suggests that the statute of limitations defense cannot be used in the context of a 12 (b)(6) Motion to Dismiss, applicable case law "recognizes that a defendant may raise a limitations' defense in a Motion to Dismiss." <u>West Penn</u>, 627 F. 3d 105 N21. The right to relief, as with any Rule 12 Motion, must be apparent from the Complaint. <u>Id.</u>

-17-

Plaintiffs' claims were filed pursuant to both 28 U.S.C. §1331 for Counts II and III and the Court's diversity jurisdiction under 28 U.S.C. §1332 and thus state substantive law applies. Liggonp-Redding vs. Estate of Sugarman, 659 F. 3d 258, 262 (3rd Cir. 2011) (citing Erie R.R. vs. Tompkins, 304 U.S. 64, 78 (1938). In a diversity action, state law controls the statute of limitations. See Lafferty vs. Gito St. Riel, 495 F. 3d 72, 76 (3rd Cir. Pa. 2007) (citing Guarantee Trust Co vs. York, 326 U.S. 99, 110 (1945).

The statute of limitations on a breach of contract action is four (4) years. See 42 Pa. C.S.A. Section 5525 (a) (8). The statute begins to accrue when the contract is breached. See McCarthy vs. Scotsdale Ins., 1999 U.S. Dist. LEXIS 12899 (Ed. Pa. 1999) To the extent that the plaintiff has alleged that the defendants breached their respective contracts with the plaintiffs, those claims are barred by the applicable four (4) year statute of limitations as not only has the plaintiff admitted that he knew of alleged defects in the air conditioning unit in 2013, he likewise filed the same lawsuit in the Court of Common Pleas of Philadelphia County in 2015. Defendant respectfully submits that Counts I, IV and V alleging Breach of Contract, Breach of Implied Warranty and violation of the Magnuson-Moss Warranty Act, all sound in contract and the statute of limitations applicable for these claims expired in 2017, more than three (3) years prior to plaintiff's initiating this lawsuit in Federal Court.

Also, the allegations which address a violation of the Magnuson Moss Warranty Act are likewise subject to the U.C.C.'s four (4) year limitation period and as above with respect to the Counts sounding in Contract, Plaintiffs' allegations in this regard are time barred. See Lowe v. Volkswagon of America, Inc., 879 F.Supp 28 (U.S.D.C., E.D., Pa. 1995).

**B. Count VII of Plaintiff's Amended Complaint Negligent Design is Barred by the Two Year Statute of Limitations**

In Pennsylvania, the statute of limitations for negligence causes of action is two years. See 42 Pa. C.S. Section 5524. Count II of Plaintiffs' original 2015 Complaint sounds in negligence and thus the two year status of limitations is applicable to that claim.

The statute of limitations begins to run "as soon as the right to institute and maintain a suit arises..." Pocono International Raceway, Inc. vs. Pocono Product, Inc., 468 A 2d 468, 471 (Pa. 1983). Thus, the statute of limitations begins to run, upon the occurrence of the alleged breach of duty." Bigansky vs. Thomas Jefferson University Hospital, 658 A 2d 423 426 Pa. Super (1995).

While it is possible to toll the statute of limitations under the "discovery rule" for negligence, a limitation period may be tolled only until the injured party, in the exercise of due diligence knew or should have known of the injury. Edwards v. Duane Morris, 2002 U.S. District LEXIS 16301 (Ed.Pa. 2002). Moving defendant respectfully asserts that the plaintiffs herein originally filed a claim against moving defendant in 2015 and thus by definition was aware of the alleged malfunction in his air conditioner. As noted, Plaintiff's Amended Complaint confirms that he was aware of the alleged defect in 2013, seven (7) before the institution of the within action. Specifically, after having purchased the air conditioning unit in 2005, the plaintiff first observed an alleged malfunction in 2013 as set forth in the Amended Complaint. (See paragraphs 17 and 18 of Exhibit "A").

-19-

Plaintiffs' failure to file the within action with the two year statute of limitations applicable to claims in negligence is on the face of the Amended Complaint and thus Count VII is barred by the applicable two year statute of limitations and should be dismissed, with prejudice.

### C. Count III of Plaintiffs' Original Complaint based upon the Unfair Trade Practices and Consumer Protection Law is Barred pursuant to the six (6) year Statute of Limitations

The plaintiff has included a claim for violation of the Unfair Trade Practices and Consumer Protection Law. The Pennsylvania Superior Court in Gabriel vs. O'Hara, 368 Pa. Super 383, 534 A 2d 488 (1987), provided a detailed analysis regarding the statute of limitations applicable to such a claim and concluded that such claims under the Unfair Trade Practices Act are subject to a six year "catch-all" statute of limitations. The Court made its decision based upon its consideration of other Pennsylvania and Federal Court decisions as well as decisions of the Courts of other states which had concluded likewise. See Gabriel, supra at P. 396.

Again, the plaintiff himself has acknowledged that in 2013, he observed a malfunction and potential defect in the air conditioning system thereby giving him six years or until 2019 to file such a claim. Respectfully, moving defendant asserts that the statute of limitations for the plaintiffs' claim under this Act must be time barred as evident on the face of the Amended Complaint.

### D. Counts II, III, IV and V of Plaintiff's Amended Complaint based upon an alleged violation of Plaintiffs' Civil Rights are barred by the two year Statute of Limitations

The plaintiffs have alleged in Counts II, III, IV and V that they have been deprived of their substantive and procedural rights to due process under the U.S. Constitution and

-20-

Pennsylvania Constitution and claim that they are entitled to injunctive relief pursuant to 42 U.S.C. §1983. They also maintain that they are entitled to a declaratory judgment, which in essence requests this Court to enter a judgment declaring that the State Court action be re-instated and further requesting this Court to declare that they were deprived of his day in court, despite having agreed to a settlement of the State Court's action in open court.

Respectfully, moving defendant asserts that these claims are in reality, allegations of civil rights violations under 42 U.S.C. §1983.

It is well established that a §1983 claim has been characterized as a personal injury claim and thus governed by the applicable state's Statute of Limitations for personal injury claims, which as indicated above, is two (2) years in the Commonwealth of Pennsylvania. See Kach v. Hose, 589 F.3d 626 (U.S. Court of Appeals, 3rd Cir., 2009).

Assuming a viable claim exists, the Statute of Limitations for any §1983 claim asserted by the plaintiffs started running as of May 21, 2018, the date on which the Pennsylvania Superior Court entered its Order denying the Plaintiffs' appeal. The Plaintiffs' first Federal Court action, which failed to include any reference to §1983 was filed on August 17, 2020 and plaintiffs' more recent Amended Complaint was filed on December 18, 2020, over 2 ½ years after the Pennsylvania Superior Court denial of plaintiffs' appeal. Specifically, plaintiffs' claims under §1983 are barred by the two (2) year Statute of Limitations.

### 3. Motion to Dismiss Under F.R.C.P. 12(6)(b) - Res Judicata

The defense of claim preclusion may be raised and adjudicated on a Motion to Dismiss and the court can take notice of all facts necessary for the decision. Connelly Found v. Sch. Dist. of Haverford Twp., 461 F2d 495, 496 (3rd Cir. 1972) (res judicata may be raised in a Motion to

Dismiss prior to answer).  Under the principle of res judicata (or claim preclusion), "a final judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties **or their privies** on the same cause of action."  Mintz v. The Carlton House Partners, LTD, 595 A.2d 1240 (Pa. Super. 1991). **(emphasis added)**.  Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties.  See Oneida Motor Freight, Inc. v. United, Jersey Bank, 848 F.2d 414, 416, n. 3 (3rd Cir. 1988).

Res judicata exists when the following three (3) elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action."  Arab African Int'l Bank v. Epstein, 10 F.3d 168, 171 (3rd Cir. 1993) ).  The identity of the cause of action refers not only to claims actually litigated, but those that could have been litigated in the earlier suit if they arise from the same underlying transactions or events.  See Lubrizol v. Exxon Corporation, 929 F.2d 960, 964 (3rd Cir. 1991).  The Pennsylvania Supreme Court has also held that:

> [T]he rule should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties.  The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.  If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by a change in the character of the relief sought, be permitted to nullify the rule.
>
> Mintz, supra, 595 A.2d at 1247, quoting Stevenson v. Silverman, 208 A.2d 786 (Pa. 1965).

The party seeking to take advantage of claim preclusion has the burden of establishing it.

Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 158 (3d Cir. 2001). Applying these rulings to the

instant action, it is clear that the elements required for Peirce-Phelps to invoke res judicata as a

defense have been met.

As noted, the underlying State Court action was litigated on the merits which in turn led

to a settlement agreement which the plaintiff accepted. Judicially approved settlement

agreements are considered final judgments on the merits for the purpose of claim preclusion.

See Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995). As explained:

> "When a dispute of law exists between parties to a case and the
> agree to a settlement of that dispute and entry of judgment with
> prejudice based on that settlement, then the terms of that judgment
> in relation to that legal issue are subject to res judicata principles.
> A judgment that is entered with prejudice under the terms of a
> settlement, whether by stipulated dismissal, a consent judgment, or
> as confession of judgment, is not subject to collateral attack by a
> party or a person in privity, and it bars a second suit on the same
> claim or cause of action.
>
> Langton, supra, citing 1B Moore's Federal Practice Para(s) .409[5]
> (2d ed. 1995).

As referenced and evidenced by the attached records, a settlement was reached in the first

action which was confirmed by plaintiff on the court record. (See Exhibits "C" and "D" attached

to Exhibit "A"). The settlement was further declared to be in full and final effect by a denied

Motion to Invalidate Settlement and unsuccessful appeal. (See Exhibits "E" and "I" attached to

Exhibit "A"). Based on the entry of final judgment, this case was ended.

With respect to the second element, res judicata applies if there is privity or an otherwise

close or particular relationship between parties. See Bruszewski v. United States, 181 F.2d 419,

422 (3rd Cir. 1950); Williams v. City of Allentown, 35 F. Supp. 2d 599, 603 (E.D. Pa. 1998);

Avins v. Moll, 610 F.Supp. 308, 316 (E.D. Pa. 1984). The doctrine of privity includes a person so identified in interest with another that he represents the same legal right. Plaintiff David Hatchigian was the plaintiff in the first action and he has now only added his wife, Joan Hatchigian, as a plaintiff, in an apparent attempt to argue against claim preclusion. Adding his wife does not defeat a defense of claim preclusion. As noted above, res judicata prevents the re-litigation not only by parties to the first action but by non-parties who are of privy to the original party. To argue that not naming his wife in the first lawsuit would somehow allow re-litigation of the same claims and prevent claim preclusion is without merit.

Finally, in United States v. Athlone Industries, Inc., 746 F.2d 977 (3rd Cir. 1984), a multifactor test was developed to aid in the determination of whether two (2) causes of action are identical for res judicata purposes: (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same. A close examination of the Complaint in the first action and the Complaint filed in the present action reveals that the factual issues, legal theories for the action, the documentation evidence, and the relief sought are identical to those issues previously resolved. It is the same air conditioning unit, the same installation, the same warranty issues, the same alleged defects and the same alleged harm. The action at issue is premised upon the same "cause of action" as the prior suit between the parties, which resulted in agreed terms of settlement between them.

(See Exhibits "C" and "H", attached to Exhibit "A"). The instant matter is thus barred by claim preclusion and should be dismissed.

## III. CONCLUSION

Respectfully, for all of the reasons stated above, moving defendant, Peirce-Phelps, LLC, respectfully requests this Honorable Court to dismiss Plaintiffs' Amended Complaint, with prejudice.

Respectfully submitted,

LAW OFFICE OF JAMES F. RYAN

BY:_____

      JAMES F. RYAN
      Attorney for Defendant,
      Peirce-Phelps, LLC