# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO, *Plaintiffs* | : : : : | CIVIL ACTION |
| v. | : : | |
| CARRIER CORPORATION AND PEIRCE-PHELPS, *Defendants.* | : : : : | No. 20-4110 |

## MEMORANDUM

**Kenney, J.**                                                                                                                             **December 3, 2020**

David Hatchigian and Joan Randazzo *pro se* sue Defendants Peirce-Phelps, LLC and Carrier Corporation for negligence, breaches of implied and express warranty, breach of contract, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, *et seq.* Before the Court are Motions to Dismiss by Peirce-Phelps, LLC and Carrier Corporation arguing under Federal Rules of Civil Procedure 12(b)(1) and (6) that the Court lacks subject matter jurisdiction and that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Court will grant Defendants' Motions to Dismiss because it lacks subject matter jurisdiction to hear this case and will dismiss Plaintiffs' Complaint without prejudice.

### I.  FACTS

In 2005, married plaintiffs David Hatchigian and Joan Randazzo (collectively "Plaintiffs") purchased an air conditioner unit manufactured by defendant Carrier Corporation ("Carrier") that was later installed by Peirce-Phelps, LLC ("Peirce-Phelps") (collectively "Defendants") on the roof of their multi-unit property in Philadelphia. ECF No. 1 at ¶¶ 29–30. Plaintiffs allege that

Carrier defectively designed the unit and Peirce-Phelps later negligently installed the unit, causing significant water damage and mold to Plaintiffs' home. *Id.* at ¶¶ 190–207, 208–214.

On September 20, 2015, Hatchigian filed a complaint against Carrier and Peirce-Phelps in the Philadelphia Court of Common Pleas. ECF No. 9-2 at Ex. B. The complaint asserted claims for breach of contract, breach of warranty, negligent design, and violation of the Magnuson-Moss Warranty Act. *Id.* On January 23, 2017, the morning of the parties' non-jury trial, the Honorable Gene Cohen conducted settlement discussions, where Hatchigian was represented by counsel. ECF No. 9-3, Ex. C. During Judge Cohen's settlement discussions, the parties agreed to settle the case for $3,000. *Id.* at 3. Hatchigian's attorney read the settlement into the record and Hatchigian affirmed his acceptance of the settlement. *Id.* at 5. However, when Defendants provided the release to Hatchigian, he refused to sign it. *See* ECF No. 1 at ¶ 16 (noting Hatchigian was "unwilling to waive" his future rights to buy Carrier products); ECF No. 9 at 7.

On March 5, 2017 Hatchigian moved to invalidate the settlement in the Philadelphia Court of Common Pleas arguing that Defendants failed to timely disburse the settlement funds. *See* ECF No. 9, Ex. E. The Court denied Hatchigian's Motion to Invalidate, describing Hatchigian's refusal to sign the "appropriate and necessary release" as "unreasonable." ECF No. 9, Ex. F at 2. The Pennsylvania Superior Court affirmed the denial, finding Hatchigian's arguments "meritless because Hatchigian himself agreed to the settlement on the record." ECF No. 9, Ex. I at 5. To date, Plaintiff Hatchigian has not returned a signed release and the funds have not been disbursed. *See* ECF No. 8 at 4; ECF No. 9 at 7.

Now—more than five years after Hatchigian filed his initial complaint and three years after reaching a settlement agreement with Defendants—Hatchigian, joined by his wife, comes to federal court alleging similar claims based on the same conduct. *See* ECF No. 1.

## II.     STANDARD OF REVIEW

Defendants argue under Federal Rules of Civil Procedure 12(b)(1) and (6) that the Court lacks subject matter jurisdiction, that Plaintiffs' claims are barred by the applicable statutes of limitation and are precluded by *res judicata*. Plaintiffs do not plead the Court's subject matter jurisdiction. As the Court lacks subject matter jurisdiction to hear Plaintiffs' case, it discusses only the standard for a Rule 12(b)(1) motion.[1]

District courts are courts of limited jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Challenges to subject matter jurisdiction may be facial or factual. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial challenge concerns insufficient pleading, and a factual attack concerns a disputed fact relevant to jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In this case, Defendants present a factual challenge because the Motions to Dismiss challenge whether this Court has actual jurisdiction to hear this case by asserting facts to counter Plaintiffs' allegations, including Plaintiffs' failure to allege Peirce-Phelps's principal place of business. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (noting that a factual attack "challenge[s] whether the District Court actually ha[s] subject matter jurisdiction based on the facts alleged"). In ruling on a factual attack on the Court's subject matter jurisdiction, "the court

---

[1] The Court does not reach whether Plaintiffs' claims are barred by the applicable statutes of limitation or are precluded by *res judicata*. "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F.Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994)).

3

may consider evidence outside the pleadings" in evaluating that attack. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## III. DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, arguing that Plaintiffs failed to plead the citizenship of defendant Peirce-Phelps in a manner sufficient for this Court to determine if complete diversity exists. Carrier also challenges Plaintiffs' argument that its Magnuson-Moss Warranty Act claim provides a basis for federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 9 at 10 n. 4. The Court first addresses whether Plaintiffs have established diversity jurisdiction, finding that they have not, and then addresses whether the Magnuson-Moss Warranty Act provides an alternative basis for the Court to assert jurisdiction.

### A. Plaintiffs Do Not Establish Complete Diversity.

Federal Rule of Civil Procedure 8(a)(1) requires plaintiffs to provide "a short and plain statement of the grounds for the court's jurisdiction. The burden of establishing diversity jurisdiction rests with the party asserting its existence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). Plaintiffs may meet this burden by proving diversity of citizenship by a preponderance of the evidence. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (citing *McCann*, 458 F.3d at 286).

Jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Under 28 U.S.C. § 1332(a) "no plaintiff [may] be a citizen of the same state as any defendant[,]" and the amount in controversy must exceed $75,000. *Id.* at 419. For purposes of diversity jurisdiction, "a

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

As noted, Defendants bring a factual challenge to this Court's subject matter jurisdiction because they argue that Plaintiffs failed to allege Peirce-Phelps' citizenship. Plaintiffs allege that they are Pennsylvania citizens and Carrier has its principal place of business in New York. ECF No. 1 at ¶ 24.[2] Plaintiffs' Complaint identifies Peirce-Phelps as "a Delaware Corporation," but omits any mention of Peirce-Phelps' principal place of business. *See id* at ¶ 26.

The "principal place of business" refers to a company's "nerve center" or the location "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This "'nerve center' will typically be found at a corporation's headquarters." *Id.* at 81. Peirce-Phelps does not dispute its Delaware incorporation, but argues that its principal place of business is Blue Bell, Pennsylvania. ECF No. 8 at 7. Peirce-Phelps attaches an Affidavit from its Vice President and CEO averring that it "maintains its corporate headquarters in Blue Bell, Pennsylvania where all of its core executive and administrative functions are carried out." ECF No. 8, Ex. C at 2. While Peirce-Phelps sells equipment in multiple states, "the focal point of all its business activities is located in Pennsylvania." *Id.* at 3. Therefore, Defendant Peirce-Phelps' Motion and Affidavit establish that Blue Bell, Pennsylvania is the company's "nerve center" and thus its principal place of business for the purposes of diversity jurisdiction.

In response, Plaintiffs do not dispute that Peirce-Phelps' principal place of business is in Blue Bell, but argue that "the mere fact that Defendant Peirce-Phelps is headquartered in

---

[2] Carrier also challenges Plaintiffs' pleading of its citizenship, arguing that it is incorporated in Delaware and maintains a principal place of business in Florida, rather than New York as Plaintiffs pleaded. ECF No. 9 at 9, n.2.

Pennsylvania will not preclude complete diversity." ECF No. 10 at 3; ECF No. 11 at 2.[3] However, a corporation is a citizen of *both* its state of incorporation and its principal place of business for diversity purposes. *See e.g. Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("Most rules of citizenship are well established… A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."). This Court cannot ignore one state of citizenship in favor of the other to establish diversity. To do so would violate well-established rules of citizenship.

Plaintiffs have not rebutted Peirce-Phelps' claim that it is a Pennsylvanian citizen. Based on Peirce-Phelps' affidavit, its "main headquarters" is in Pennsylvania. *Hertz*, 559 U.S. at 93. As such, there is no complete diversity between Plaintiffs and Defendants, and this Court lacks diversity subject matter jurisdiction.

### B. Plaintiffs' Claim Does Not Meet the Magnuson-Moss Warranty Act's Jurisdictional Threshold.

Plaintiffs assert that this Court has subject matter jurisdiction under 28 U.S.C §1331. ECF No. 1 at ¶ 21. Construing Plaintiffs' Complaint liberally as this Court is obligated to do,[4] Plaintiffs appear to assert that their claim under the Magnuson-Moss Warranty Act provides a basis for federal question jurisdiction under § 1331, and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over its non-federal claims.

The Magnuson-Moss Warranty Act provides a cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under the

---

[3] Plaintiffs rely on *Ricketti v. Barry* to argue that Peirce-Phelps' principal place of business does not destroy diversity. 775 F.3d 611 (3rd Cir. 2015). However, in *Ricketti*, the Third Circuit Court of Appeals explained only that the district court had removal jurisdiction because it would have had diversity jurisdiction by noting the corporate defendant's place of incorporation and its principal place of business, neither of which destroyed diversity. *Id.* at n.1.

[4] *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir.2009) ("[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally.").

statute, an express or implied warranty, or a service contract. 15 U.S.C. § 2310(d)(1). However, there is a financial threshold for the claim Plaintiffs raise. Such claims may not be brought in federal court if "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C § 2310(d)(3)(B).

To determine whether the jurisdictional amount is met, the party asserting federal jurisdiction must allege the value of the goods as warranted and the value of the defective goods. *See Neilon v. Chrysler Corp.*, No. CIV.A.97–5749, 1997 WL 798266, at *1 (E.D.Pa. Dec. 11, 1997). The plaintiff's good-faith allegation of damages controls the jurisdictional inquiry, unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Plaintiffs allege few pertinent facts regarding monetary damages. Plaintiffs append to their Complaint a bill they sent to Defendants to "replace the leaking Roof Top Condensing Unit" for $15,000. ECF No. 1-5 Ex. 5 at 6. Plaintiffs allege that "in total," they estimate they spent $30,000 for "fees and labor, materials and other unanticipated costs expended to rectify the damage and unanticipated losses incurred due to the moldy Carrier unit." ECF No. 1 at ¶ 85. At most, the facts Plaintiffs allege suggest the value of the allegedly defective unit was $15,000. Plaintiffs have not alleged sufficient damages to surmount the jurisdictional threshold of the Magnuson-Moss Warranty Act and the Court is convinced to a legal certainty that Plaintiffs' claim does not meet the jurisdictional amount. The Court will therefore dismiss Plaintiffs' Magnuson-Moss Warranty Act claim for lack of subject matter jurisdiction.

As the Court does not have subject matter jurisdiction over the Magnuson-Moss Warranty Act claim, it declines to exercise supplemental jurisdiction over the remaining state law claims. "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has original jurisdiction,' as in this case." *Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 135 (3d Cir.2013) (quoting 28 U.S.C. § 1367(c)(3)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Carrier and Defendant Peirce-Phelps' respective Motions to Dismiss for Lack of Subject Matter Jurisdiction. An Appropriate order follows.