UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO : | |
| : | Civil Action: 20-4110 |
| v. : | |
| : | |
| CARRIER CORPORATION AND PEIRCE-PHELPS : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Rule 12(b)(6) Motion of Carrier Corporation to Dismiss Plaintiffs' Amended Complaint, and any response thereto,

**IT IS HEREBY ORDERED** and **DECREED** that Plaintiffs' Amended Complaint is **DISMISSED** in its entirety against Carrier Corporation, with prejudice.

BY THE COURT:

_____
**U.S.D.J.**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO : | Civil Action: 20-4110 |
| : | |
| v. : | |
| : | |
| : | |
| CARRIER CORPORATION AND : | |
| PEIRCE-PHELPS : | |

## MOTION OF DEFENDANT CARRIER CORPORATION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)

Defendant Carrier Corporation ("Carrier"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) and moves this Honorable Court to enter an Order dismissing Plaintiffs' Amended Complaint with prejudice.

Carrier respectfully moves this Honorable Court to enter judgment in its favor, and dismiss Plaintiffs' Amended Complaint and all claims against Carrier Corporation with prejudice, on any or all of the following bases:

1) Lack of subject matter jurisdiction;

2) Statute of Limitations; and,

3) Plaintiffs' claims are otherwise time-barred.

Defendant Carrier Corporation incorporates by reference its Memorandum of Law as though set forth fully herein.

Further, Defendant Peirce-Phelps filed a Motion to Dismiss the Amended Complaint (ECF No. 16). To the extent that said Motion is not inconsistent with the defenses of Carrier,

Carrier hereby adopts and incorporates the arguments within the Motion filed by Defendant Peirce-Phelps.

                                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

                                          BY: *s/ Carolyn Schweizer*
                                                CAROLYN M. SCHWEIZER, ESQUIRE

Dated: January 8, 2021                    Attorneys for Defendant, Carrier Corporation

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO : | Civil Action: 20-4110 |
| : | |
| v. : | |
| : | |
| CARRIER CORPORATION AND : | |
| PEIRCE-PHELPS : | |

## MEMORANDUM OF LAW OF DEFENDANT CARRIER CORPORATION IN SUPPORT OF MOTION TO DISMISS

Defendant Carrier Corporation ("Carrier" or "Moving Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and in support thereof avers as follows:

### I. INTRODUCTION

As noted in the prior Motion to Dismiss (ECF No. 9), the above-captioned matter has a long history dating back several years to 2015 when Plaintiff David Hatchigian filed a lawsuit against Carrier (along with Pierce-Phelps) relating to the same equipment and alleging the same claims as seen in this action in the Philadelphia County Court of Common Pleas (hereinafter referred to as the "First Action"). That First Action was resolved by way of settlement confirmed on the record (global settlement of $3,000) and also confirmed by way of an appeal to the Pennsylvania Superior Court after Plaintiff David Hatchigian tried to unwind the court-approved settlement.

Plaintiffs then moved to file the above-captioned matter with this Court where they filed a Complaint raising the same factual history among the parties and the same allegations of negligence and breach of contract. The defendants filed respective Motions to Dismiss in the

case (ECF Nos. 8 and 9) and Plaintiffs filed their responsive pleadings (ECF Nos. 10 and 11). This Court granted the Motions to Dismiss on December 3, 2020 and dismissed the action without prejudice for want of subject matter jurisdiction. (ECF Nos. 12 and 14). Plaintiffs have now filed an Amended Complaint and within, they raise the same allegations against Carrier and Pierce-Phelps but they have also named two (2) new defendants to the case: County of Philadelphia and Court of Common Pleas of Philadelphia County. (A true and correct copy of the Amended Complaint is attached hereto as Exhibit "A").[1]

Overall, it is clear that the matter against Carrier and Pierce Phelps was judicially determined to be settled by the Philadelphia Court Judge and the Pennsylvania Superior Court. The Amended Complaint moves to incorporate the Complaint filed in the First Action and re-litigate the very same claims. (*See* Exhibit "A", at Count VI through Count XI). Plaintiffs now attempts to pursue the same legal remedy sought in the First Action for a second time after it was judicially determined (which is clearly not permitted) and further, this Court still lacks jurisdiction over the matter even with Plaintiffs adding the new defendants and newly asserted claims. Carrier moves to dismiss the Amended Complaint (*in its entirety*) pursuant to Rule 12(b)(1) and Rule 12(b)(6).

## II.  STATEMENT OF FACTS

Carrier outlined the specific facts and history of this case in the previously filed Motion to Dismiss,.  For sake of brevity and the Court reviewing it previously in detail, Carrier refers and incorporates the statement of facts within the Motion to Dismiss herein as if set forth herein at length. (A true and correct copy of Carrier's Motion to Dismiss (*without* exhibits) is attached hereto as Exhibit "B").

---

[1] Carrier attaches only the Amended Complaint, without full exhibits.  Carrier will supplement the filing with the full exhibits, if desired by the Court.

The Amended Complaint again is much of the same Complaint filed in the First Action and the first Complaint filed with this Court and thereafter dismissed by this Court for want of subject matter jurisdiction.  Facing the jurisdictional hurdle, Plaintiffs now have added two (2) additional defendants (County of Philadelphia and Court of Common Pleas of Philadelphia County) and sets forth violations of various constitutional rights under both the United States Constitution and Pennsylvania Constitution.   (*See* Exhibit "A")

### III. LEGAL ARGUMENT

#### A. Lack of Subject Matter Jurisdiction – Motion to Dismiss under Fed.R.C.P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can take two (2) forms, facial or factual attacks.  In reviewing a motion to dismiss under Fed.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, which attacks the complaint as deficient on its face, the Court takes all allegations in the complaint as true.  Mortensen v. First Federal Sav. and Loan Ass'n. 549 F.2d 884, 891 (3d Cir. 1977). When, however, the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891; *see also* Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc. 227 F.3d 62, 69 (3d Cir. 2000).   In ruling on a Rule 12(b)(1) motion, the Court may consider affidavits and other evidence outside the pleadings.  Id.; Federal Realty Inv. Trust v. Juniper Props. Group, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (unpublished) (citation omitted).

Here, Plaintiffs set forth multiple grounds of jurisdiction for the claims involved in this case.  (*See* Exhibit "A",  at Paragraphs 8 to 12).   Therefore, Carrier will discuss diversity jurisdiction, federal question jurisdiction and supplemental jurisdiction in turn and demonstrate clearly that this Court lacks subject matter jurisdiction over the claims in the entirety.

### *DIVERSITY JURISDICTION DOES NOT EXIST (COUNT I, VI TO XI)*

Plaintiffs assert that this Court holds jurisdiction under 28 U.S.C. § 1332 for Count I and Count VI to XI in the Amended Complaint.   This was thoroughly briefed in the prior Motions to Dismiss and the Court specifically held that diversity jurisdiction can not be established in this case.  Specifically, the Court noted that Plaintiffs "identifies Pierce-Phelps as a Delaware Corporation, but omits any mention of Peirce Phelps' principal place of of business." (*See* Judicial Memorandum Opinion, ECF No. 12).   Further, the Court found that an Affidavit provided by Pierce-Phelps establishes that Blue Bell, PA is the company's nerve center and thus principal place of business for diversity.   (Id.).   The Court further noted that it cannot ignore one state citizenship for another and **judicially determined that Pierce-Phelps is a Pennsylvania citizen for this case**. (Id.)   Further, the inclusion of the County of Philadelphia and Court of Common Pleas of Philadelphia certainly destroys any idea of complete diversity between parties.  As noted by this Court, under 28 U.S.C. § 1332(a), complete diversity needs to exist between all plaintiffs and all defendants.   No diversity exists to grant subject matter jurisdiction over any claim within the Amended Complaint.[2]

---

[2] Carrier also would argue that the amount of controversy involved here **does not** exceed $75,000.00 as required. The First Action was filed as an arbitration matter within Philadelphia County whereby Plaintiff claimed that damages were less than $50,000 and then, thereafter, settled the entire matter for $3,000.00.

**ROOKER-FELDMAN DOCTRINE (COUNTS AGAINST COUNTY AND COURT)**

Plaintiffs have now named Philadelphia County and Court of Common Pleas of Philadelphia County as defendants in the case.  Plaintiffs set forth various claims regarding the conduct of the state court during the proceedings of the First Action.   Overall, Plaintiffs are seeking relief from the alleged injuries caused by actions of the County and Court in the proceedings of the First Action.   Plaintiffs allege that they were deprived of their constitutional right of due process by Philadelphia County and Philadelphia Courts, thereby they believe such claims invoke federal question jurisdiction.   Specifically, the claims focus on the Court's actions after the parties reached a settlement of the First Action in January 2017.   Plaintiffs refused to sign a Settlement Agreement and filed a Motion to Invalidate the Settlement.  The Motion was denied by the Trial Court and Plaintiffs appealed to the Superior Court.  The Superior Court affirmed the Trial Court's decision.   Plaintiffs claim here that their right to due process was denied with the denial of the Motion to Invalidate Settlement at the trial court level.

The naming of the additional parties here seems to be an attempt to convince this Court that constitutional and other federal questions are involved with this current claim in hopes that subject matter jurisdiction can be established for the case in the entirety.[3]   However, there was a final decision over the case and settlement by the Trial Court and thereafter affirmed by the Pennsylvania Superior Court.  Pursuant to Rooker-Feldman doctrine, this Court is deprived of jurisdiction to review a state court adjudication.  See Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The Rooker-Feldman doctrine is originated from 28 U.S.C. 1257 by which congress granted the US Supreme Court, **but not** any other Federal Courts, the power to review State

---

[3] Carrier notes that Plaintiffs have not argued for supplemental jurisdiction under 28 U.S.C. §1367 over any non-federal claim.

Court decisions. Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3rd Cir. 2008). It has been stated that "**a claim is barred by Rooker-Feldman under two (2) circumstances: first, if the claim was actually litigated in State Court prior to the filing of the Federal action, or second, if the claim is inextricably intertwined with the State adjudication, meaning that Federal relief can only be predicated upon a conviction that the State Court was wrong**. Lauxmont, *supra*, *citing* Desi's Pizza v. City of Wilkes-Bane, 321 F.3d 41, 420 (3rd Cir. 2003).

In Feldman, *supra*, the plaintiff filed a Complaint in the United States District Court for the District of Columbia, challenging the District of Columbia Court of Appeals' refusal to waive a procedural rule on his behalf. Specifically, the Complaint stated that the defendant's refusal to consider Feldman's individual qualifications to practice law was unlawful in view of his demonstrated fitness and competence, as well as the prior admission to the D.C. Bar of other individuals who did not attend an accredited law school. While the Opinion addresses at length whether the decision to deny Feldman's request was a judicial act, the Court determined that it was a judicial act and ruled that U.S. District Courts have no jurisdiction over challenges to State Court decisions in cases arising out of judicial proceedings, even if those challenges allege that the State Court's action was unconstitutional.

Here, Plaintiffs herein request this Court to overturn the judicial decision from the Pennsylvania Superior Court ruling against them. Plaintiffs are seeking to redress an injury which they maintain was caused by the Pennsylvania Court when the Court denied their motion and subsequent appeal. Under the two (2) prong test, there is no issue or debate that the case was fully litigated. Next, as to second prong, it is apparent that the claims of Plaintiffs herein are in fact inextricably intertwined with the State Court adjudication, as the Plaintiffs' prayer for Federal Court relief can only be predicated upon a finding by the Federal

Court that the State Court was in error in denying Plaintiffs' Motion to Invalidate Settlement. , Even if Plaintiffs challenge involve allegations of constitutional violations, respectfully, this Court lacks subject matter jurisdiction over the claims under Rooker-Feldman doctrine.

### FEDERAL QUESTION JURISDICTION OVER DECLARATORY ACTION CLAIM (COUNT V)

Plaintiffs assert that the Court has federal question jurisdiction over Count V as it is "pled pursuant to 42 U.S.C. §1983." (*See* Exhibit "A", at Paragraph 11). This is a misrepresentation to this Court as no claims under the subsection of 42 U.S.C. §1983 were pled. (*See* Exhibit "A", at Paragraphs 74 – 77). Plaintiffs actually set forth a declaratory action under Pennsylvania Declaratory Judgment Act. 42 Pa.C.S. § 7531, *et seq*. As this Court is aware, declaratory actions are permitted to determine the construction or validity of a contract, statute or ordinance and it is unclear and unpled as to what contract, statute or ordinance Plaintiffs are appealing for a determination. However, even more critically, actions under the Act are to be filed in a Pennsylvania State Court. The substance of the claims put aside, this Count, with reference to the Pennsylvania Statute, is certainly not a federal question claim.[4]

---

[4] As noted in the original Motion to Dismiss filed by Carrier, it is unclear whether Plaintiffs attempt to argue that somehow Plaintiffs' claims under the Magnuson-Moss Warranty Act claims provide a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 and further, that the court would have supplemental jurisdiction under 28 U.S.C. 1367 as to other claims. As this Court is aware, the Magnuson-Moss Warranty Act provides a cause of action to an injured consumer when a warrantor fails to comply with a written or implied warranty. 15 U.S.C. § 2310(d)(1). However, claims **may not** be brought in federal court under the Act if "the amount in controversy is less than the sum or value of $50,000 (*exclusive of interests and costs*) computed on the basis of all claims to be determined in the suit." 15 U.S.C § 2310(d)(3)(B) (***emphasis added***). The standard measure of damages under the Act is "the difference between the value of goods as warranted and the value of the defective goods." *See* Skriletz v. Ford Motor Co., No. 98 1550, 1999 U.S. Dist. LEXIS 2952, at *7-8 (E.D. Pa. Mar. 10, 1999), *citing* Neilon, 1997 U.S. Dist. LEXIS 20327, at *3. As a practical matter, the fact that Plaintiffs agreed to settle this matter for $3,000.00 can not be ignored, as it provides at least some indication regarding the value of plaintiffs' claim. However, even more critically, **this Court further found that it was convinced to a legal certainty that Plaintiffs' claim does not meet the jurisdiction amount.** (*See* Judicial Memorandum Opinion, ECF No. 12)

B.       **Statute of Limitations - Motion to Dismiss Under Fed.R.C.P. 12(b)(6)**

"Although Federal Rule of Civil Procedure 8(c) suggests that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss," case law in the Third Circuit "recognize[s] that a defendant may raise a limitations defense in a motion to dismiss." West Penn Allegheny Health System, Inc. v. UPMC, 627 F. 3d 85 at 105, n. 21 (*citing* Oshiver v. Levin, Fishbein, Sedran Berman, 38 F.3d 1380 (3d Cir. 1994) and Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002). The right to relief, as with any Rule 12 motion, must be apparent from the Complaint. Id.

As pled by Plaintiffs, the claims asserted against Carrier were made pursuant to the Court's diversity jurisdiction, and as such, state substantive law applies. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) (*citing* Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). In a diversity action, state law controls the statute of limitations. *See* Lafferty v. Gito St. Riel, 495 F.3d 72, 76 (3d Cir. Pa. 2007) (*citing* Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945)).

Plaintiffs' Amended Complaint simply incorporates Counts I through V of the Complaint from the First Action.   (*See* Exhibit "A", at Counts VI through XI)

**Breach of Express Warranty (Count I), Breach of Implied Warranty of Fitness (Count II), Violation of the Magnuson-Moss Warranty Act (Count III), Claims are Barred by Four (4) Year Statute of Limitations**

**Unfair Trade Practices and Consumer Protection Law (Count V) Claim is Barred by Six (6) Year Statute of Limitations**

**Negligent Misrepresentation Claim (Count VI) is Barred by the Two Year Statute of Limitations**

In Pennsylvania, the statute of limitations for contract based actions is four (4) years. *See* 42 Pa. C.S.A. § 5525(a)(8). Count I, II, and III of Plaintiffs' Complaints are all contract based

actions. The statute begins to accrue when the contract is breached. *See* McCarthy v. Scottsdale Ins., 1999 U.S. Dist. LEXIS 12899 (E.D. Pa. 1999).

The statute of limitations for claims under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") is six (6) years from the act or omission complained of. Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987).

In Pennsylvania, the statute of limitations for negligence causes of action is two (2) years. *See* 42 Pa.C.S. § 5524. Count VI of Plaintiff's Complaint sounds in negligence, thus the two (2) year statute of limitations is applicable to that claim.[5]

The statute of limitations begins to run "as soon as the right to institute and maintain a suit arises. . . ." Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Thus, the statute of limitations begins to run "upon the occurrence of the alleged breach of duty." Bigansky v. Thomas Jefferson Univ. Hosp., 658 A.2d 423, 426 (Pa. Super. 1995). While it is possible to toll the statute of limitations under the "discovery rule" for negligence or negligent misrepresentation, a limitation period may be tolled only until the injured party, in the exercise of due diligence, knew, or should have known, of the injury. Edwards v. Duane Morris, 2002 U.S. Dist. LEXIS 16301 (E.D. Pa. 2002). The discovery rule should not apply at all to toll any claims here, as all such claims were actually known to Plaintiff by 2013, as discussed below.

As presented in the Complaint, Plaintiffs purchased the unit and the unit was installed in 2005. Plaintiffs outline a series of facts dating back to the time period of 2005 and 2013 to allege potential issues and knowledge with the design of the unit and/or warranty or fitness of the unit purchased. (*See* Exhibit "A").[6] This current lawsuit was filed August 17, 2020 – even if the

---

[5] The only remaining allegations – Count IV and Count VI – are directed only to Pierce-Phelps.

[6] Specifically, Plaintiffs' Amended Complaint asserts that the alleged leak was occurring since it has been installed in 2005 and also allegedly verified by a check in September 2013. (*See* Exhibit "A", Paragraph 18).

Court would take 2013 (the latest date reflected by the allegations of the Complaint) as the year that the claims accrued, the statute of limitations has lapsed on all of plaintiff's claims - contract (4 years, 2017), UTPCPL (6 years, 2019) and negligence actions (2 years, 2015).

C. **Claims are Precluded under *Res Judicata* – Motion to Dismiss under Fed.R.C.P. 12(b)(6)**

The defense of claim preclusion may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision.  Connelly Found v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972) (res judicata may be raised in motion to dismiss prior to answer).  Under the principle of res judicata (or claim preclusion ), "a final judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties **or their privies** on the same cause of action."  Mintz v. The Carlton House Partners LTD , 595 A.2d 1240 (Pa. Super. 1991)[**emphasis added**].  Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties. *See* Oneida Motor Freight, Inc. v. United, Jersey Bank, 848 F.2d 414, 416, n. 3 (3d Cir. 1988).

Res Judicata exists when the following three (3) elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 171 (3d Cir. 1993)).  The identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events. *See* Lubrizol v. Exxon Corporation, 929 F.2d 960, 964 (3d Cir. 1991).  The Pennsylvania Supreme Court has also held that:

> [T]he rule should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior

>proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by a change in the character of the relief sought, be permitted to nullify the rule.
>
>Mintz, *supra*, 595 A.2d at 1247, *quoting* Stevenson v. Silverman, 208 A.2d 786 (Pa. 1965).

The party seeking to take advantage of claim preclusion has the burden of establishing it." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 158 (3d Cir. 2001). Applying the above principles to the instant action, it is clear that the elements required for Carrier to invoke res judicata as a defense in the context of this Motion to Dismiss are met.

First, there was final judgments on the merits in the First Action. Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion. *See* Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995). As explained:

>"When a dispute of law exists between parties to a case and they agree to a settlement of that dispute and entry of a judgment with prejudice based on that settlement, then the terms of that judgment in relation to that legal issue are subject to res judicata principles. A judgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of action.
>
>Langton, *supra*, *citing* 1B Moore's Federal Practice Para(s) .409[5] (2d ed. 1995).

Here, as outlined above and within the first filed Motion to Dismiss (*See* Exhibit "B"), a settlement was reached in the First Action and it was confirmed by Plaintiff on the Court record. (*See* Exhibits "C" and "D"). The Settlement was further declared to be in full and final effect by a denied Motion to Invalidate Settlement and unsuccessful appeal. (*See* Exhibits "E" to H"). Thus, there was clearly a final judgment.

With respect to the second element, res judicata applies if there is privity or an otherwise close or particular relationship between parties.  *See* Bruszewski v. United States, 181 F.2d 419, 422 (3d Cir. 1950); Williams v. City of Allentown, 35 F. Supp. 2d 599, 603 (E.D. Pa. 1998); Avins v. Moll, 610 F. Supp. 308, 316 (E.D. Pa. 1984).  The doctrine of privity includes a person so identified in interest with another that he represents the same legal right. Plaintiff David Hatchigian was the plaintiff in the First Action and he has now only added his wife Joan Hatchigian as a plaintiff to "shuffle the deck" and in a possible attempt to argue against claim preclusion.  Adding his wife at this point does not defeat a defense of claim preclusion.  As noted above, res judicata prevents the relitigation not only by parties to the first action but by non-parties who are of privy to the original party.   The couple lived in the same home with the same air conditioning unit. An argument that by not naming his wife in the First Action would somehow allow relitigation of the same claims and prevent claim preclusion would be without merit.

Finally, in United Stales v. Athlone Industries, Inc., 746 F.2d 977 (3d Cir. 1984), a multifactor test was developed to aid in the determination of whether two (2) causes of action are identical for res judicata purposes:  (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same.

A close examination of the Complaint in the First Action and the Amended Complaint filed in the present action reveals that the factual issues, legal theories for the action, the documentation evidence, and the relief sought are identical to those issues previously resolved.

It is the same air conditioning unit, the same installation, the same warranty issues, the same alleged defects and the same alleged harm. Plaintiffs even move to incorporate the Complaint from the First Action to seek the same legal remedies under the same claims. The action at issue is premised upon the same "cause of action" as the prior suit between the parties, which resulted in agreed terms of settlement between them. The instant matter is thus barred by claim preclusion and should be dismissed.

### IV.     CONCLUSION

For all of the above-stated reasons, Carrier Corporation requests that this Motion to Dismiss be granted and the Amended Complaint and all claims against Carrier Corporation be dismissed, with prejudice.

 

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

**BY:** *s/ Carolyn Schweizer*
CAROLYN M. SCHWEIZER, ESQUIRE
Attorneys for Defendant, Carrier Corporation

**DATE:** January 8, 2021

## CERTIFICATE OF SERVICE

I, Carolyn M. Schweizer, Esquire hereby certify that on the date set forth below I served the foregoing Motion to Dismiss and accompanying Memorandum of Law in Support upon all counsel of record via electronic filing notification on the below-noted date and also Plaintiffs by way electronic filing notification.

                              **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

                    **BY:** *s/ Carolyn Schweizer*
                              CAROLYN M. SCHWEIZER, ESQUIRE
                              Attorneys for Defendant, Carrier Corporation

**DATE:** January 8, 2021