# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO | : | Civil Action: 20-4110 |
| v. | : | |
| CARRIER CORPORATION AND PEIRCE-PHELPS | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of the Rule 12(b)(6) Motion of Carrier Corporation to Dismiss Plaintiff's Complaint, and any response,

**IT IS HEREBY ORDERED** and **DECREED** that Plaintiff's Complaint is **DISMISSED** in its entirety against Carrier Corporation, with prejudice.

**BY THE COURT:**

_____
**U.S.D.J.**

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO | : | |
| | : | Civil Action: 20-4110 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARRIER CORPORATION AND PEIRCE-PHELPS | : | |
| | : | |

### MOTION OF DEFENDANT CARRIER CORPORATION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)

Defendant Carrier Corporation ("Carrier"), by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) and moves this Honorable Court to enter an Order dismissing Plaintiffs' Complaint with prejudice.

Carrier respectfully moves this Honorable Court to enter judgment in its favor, and dismiss Plaintiffs' Complaint and all claims against Carrier Corporation with prejudice, on any or all of the following bases:

1)   Lack of subject matter jurisdiction;

2)   Statute of Limitations; and,

3)   Plaintiffs' claims are otherwise time-barred.

Defendant Carrier Corporation incorporates by reference its Memorandum of Law as

though set forth fully herein.  Carrier respectfully requests dismissal with prejudice.


                                  **MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**


                    **BY:** *s/ Carolyn Schweizer*
                                  CAROLYN M. SCHWEIZER, ESQUIRE
Dated: October 15, 2020            Attorneys for Defendant, Carrier Corporation

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO : | |
| : | Civil Action: 20-4110 |
| : | |
| v. : | |
| : | |
| : | |
| CARRIER CORPORATION AND : | |
| PEIRCE-PHELPS : | |

### MEMORANDUM OF LAW OF DEFENDANT CARRIER CORPORATION IN SUPPORT OF MOTION TO DISMISS

Defendant Carrier Corporation ("Carrier" or "Moving Defendant"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and in support thereof avers as follows:

**I.      INTRODUCTION**

The above-captioned matter has a long history that dates back several years to 2015 when Plaintiff David Hatchigian filed a lawsuit against Carrier (along with Pierce-Phelps) relating to the same equipment and alleging the same claims in the Philadelphia County Court of Common Pleas (hereinafter referred to as the "First Action") as seen here. That First Action was resolved by way of settlement (global settlement of $3,000) confirmed on the record and also confirmed by way of an appeal to the Pennsylvania Superior Court after Plaintiff David Hatchigian tried to unwind the court-approved settlement. The Complaint filed in this Court raises the same factual history among the parties and the same allegations of negligence and breach of contract. (A true and correct copy of the Complaint is attached hereto as Exhibit

"A").[1]  Simply, Plaintiffs are attempting to file the same litigation as in the First Action after a final resolution, but now in a different forum to try to obtain a "second bite at the apple."

## II.  STATEMENT OF FACTS

In the First Action, filed in Philadelphia County, Plaintiff David Hatchigian filed a Writ of Summons on July 1, 2015 and then a Complaint against Carrier Corporation and Pierce-Phelps on September 20, 2015.  (A true and correct copy of the Philadelphia Complaint is attached hereto as Exhibit "B") (hereinafter referred to as "Philadelphia Complaint").  The Philadelphia Complaint sets forth various counts against Carrier Corporation and Pierce Phelps in connection with plaintiff's purchase and the installation of an air conditioning unit **in 2005**. Plaintiff David Hatchigian purchased the subject air conditioning unit from Peirce Phelps for use in an apartment building.  Carrier Corporation manufactured the unit.   The Philadelphia Complaint asserted various claims for damages, which the Defendants refute, but the gist of the claim was that the air conditioning unit was defective because of found water damage inside the ceiling of the top floor apartment's kitchen and the belief that a defect in the unit caused damage and related alleged harm.  The Philadelphia Complaint set forth the following Counts:

- Count One against Defendant Peirce-Phelps for breach of contract for the sale of the air conditioning unit. (*See* Count I of Exhibit "B").

- Count Two against Carrier for negligent design of the air conditioning unit. (*See* Count II of Exhibit "B").

---

[1] In the sake of brevity for the Court, Carrier attaches only the Complaint, without full exhibits (Carrier did attach the specific exhibits referred to in the forthcoming arguments).  Carrier will supplement the filing with the full exhibits, if desired by the Court.

- In Count Three, he asserted claims for breach of implied warranty of fitness for a particular purpose against both Peirce-Phelps and Carrier, again, asserting that the air conditioning unit was defective. (*See* Count III of Exhibit "B").

- Count IV of Plaintiff's Complaint asserted that both Defendant violated Magnuson-Moss Warranty Act because the air conditioning unit was defective. (*See* Count IV of Exhibit "B").

- Count V of that Complaint was not directed to any specific Defendant or to both Defendants and it purported to assert a breach of warranty under the Uniform Commercial Code because of defects in the unit. (*See* Count V of Exhibit "B").

Overall, the First Action was fully litigated as it proceeded through discovery, to an arbitration hearing (resulting in a defense verdict), then to an appeal of the arbitration award, and finally to a scheduled non-jury trial.

The First Action was called to a non-jury trial on January 23, 2017 in front of the Honorable Gene Cohen. Judge Cohen conducted settlement discussions before evidence was presented at the trial. During Judge Cohen's conference, a settlement was reached for a total of $3,000.00. The terms of the settlement were placed on the record and Plaintiff, himself, testified under oath as follows:

> DAVID HATCHIGIAN, after having first been duly sworn, was examined and testified as follows:
>
> THE COURT: Mr. Hatchigian, you heard the settlement as read into the record as stated in the record by your attorney and as reflected by the defense attorney? You heard that?
>
> MR. HATCHIGIAN: Yes.
>
> THE COURT: And you accept that?
>
> MR. HATCHIGIAN: Yes.

>THE COURT: Okay, Mark this matter settled.
>
>(A true and correct copy of the transcript reflecting the settlement is attached hereto as Exhibit "C"). (A true and correct copy of the Judge's final order is attached hereto as Exhibit "D").

Thereafter, the defense provided the settlement release for signature of Plaintiff but Plaintiff refused to execute the Release. On March 5, 2017, Plaintiff David Hatchigian filed a Motion to Invalidate Settlement alleging that the defendants wrongfully withheld the settlement funds. (A true and correct copy of the Motion is attached hereto as Exhibit "E"). After a hearing, the Court found that conduct of David Hatchigian in failing to sign an appropriate and necessary release to secure the settlement funds from the respective insurance companies was unreasonable and the Court denied his Motion to Invalidate the Settlement. (A true and correct copy of the Order is attached hereto as Exhibit "F"). Thereafter, Plaintiff filed an appeal of the trial court's decision with the Superior Court of Pennsylvania. (A true and correct copy of the Statement of Errors Complained on Appeal is attached hereto as Exhibit "G"). The trial court drafted a full opinion declaring the appeal without merit and requested the decisions of the court be affirmed. (A true and correct copy of the Order is attached hereto as Exhibit "H"). After review by the Pennsylvania Superior Court, the relief was again denied and the settlement was confirmed on May 21, 2018 (A true and correct copy of the Order and Opinion is attached hereto as Exhibit "I"). Plaintiff did not return an executed settlement agreement and no action was taken by Plaintiff for the next two (2) years until the filing of the present action.

Plaintiffs have now filed the present Complaint against the same parties under the same theories as previously brought in Philadelphia County. (*See* Exhibit "A" and "B"). The allegations involve the same Carrier air conditioning unit, the same alleged defective conditions and the same alleged harm. The matter was judicially determined to be settled by the

Philadelphia Court Judge and the Pennsylvania Superior Court. Plaintiffs want to ignore that judicial determination and this is clearly not permitted. Carrier moves to dismiss the Complaint (in its entirety) pursuant to Rule 12(b)(1) and Rule 12(b)(6).

### III. LEGAL ARGUMENT

#### A. Lack of Subject Matter Jurisdiction – Motion to Dismiss under Fed.R.C.P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can take two (2) forms, facial or factual attacks. In reviewing a motion to dismiss under Fed.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, which attacks the complaint as deficient on its face, the Court takes all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n. 549 F.2d 884, 891 (3d Cir. 1977). When, however, the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891; *see also* Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc. 227 F.3d 62, 69 (3d Cir. 2000). In ruling on a Rule 12(b)(1) motion, the Court may consider affidavits and other evidence outside the pleadings. Id.; Federal Realty Inv. Trust v. Juniper Props. Group, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (unpublished) (citation omitted).

The asserted basis for federal court subject matter jurisdiction in this action is based upon a claim of diversity of citizenship between the parties. The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction over all civil actions "between ... citizens of different States" where the amount in controversy *exceeds*

$75,000. In order to sustain diversity jurisdiction, all of the parties on one side of the controversy must be citizens of different states than all of the parties on the other side, Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995), and there must be complete diversity -- that is, no plaintiff may be a citizen of the same state as any of the defendants. Strawbridge v. Curtiss, 7 U.S. 267, 2 L. Ed. 435 (1806). The necessary ***allegations of each party's citizenship must affirmatively appear on the face of the complaint***. Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972); Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d. Cir. 1995). ("For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).") (***emphasis added***). Plaintiff has the burden of pleading jurisdiction and must state each party's citizenship so that complete diversity can be confirmed. Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999).

Here, the face of the Complaint completely ignores the citizenship of Defendant Pierce Phelps. (*See* Exhibit "A", *see specifically* Section II, Paragraphs 21 – 24). Plaintiffs suggests that Defendant Carrier Corporation's citizenship of New York alone establishes diversity.[2] (Id.) As noted above, each party's citizenship must be appear on the face of the Complaint. Plaintiffs fail to do so and therefore, the Complaint must be dismissed as Plaintiffs failed to meet the burden of pleading jurisdiction.

Additionally, Carrier hereby joins in the arguments set forth by Pierce-Phelps in its Motion to Dismiss filed in this action as there is no compete diversity (Doc. #8). Pierce-Phelps' Motion to Dismiss is incorporated herein as set forth in full to the extent that the arguments are not inconsistent with the defenses of Carrier. As argued within the Pierce-Phelps Motion,

---

[2] It should be noted that the Defendant Carrier Corporation is a Delaware corporation with a principal place of business in Florida. It is not New York corporation.

Pierce-Phelps would be deemed to be a citizen of Pennsylvania.  (*See* the Motion to Dismiss Filed by Pierce-Phelps (Doc. #8), Exhibit "C").  Though not incorporated in the Commonwealth of Pennsylvania, Pierce-Phelps has its principal place of business in the Commonwealth.  (Id.).  Plaintiff is also a citizen of Pennsylvania.  (*See* Exhibit "A", *see specifically* Section II, Paragraph 24.)  Since the Plaintiff and Defendant Pierce-Phelps are both citizens of Pennsylvania, complete diversity does not exist.[3]  Thus, the Court lacks subject matter jurisdiction over this matter and must dismiss the Complaint.[4]

**B.      Statute of Limitations - Motion to Dismiss Under Fed.R.C.P. 12(b)(6)**

"Although Federal Rule of Civil Procedure 8(c) suggests that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss," case law in the Third Circuit "recognize[s] that a defendant may raise a limitations defense in a motion to dismiss." West Penn Allegheny Health System, Inc. v. UPMC, 627 F. 3d 85 at 105, n. 21 (*citing* Oshiver v. Levin, Fishbein, Sedran Berman, 38 F.3d 1380 (3d Cir. 1994) and Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002).  The right to relief, as with any Rule 12 motion, must be apparent from the Complaint.  Id.

---

[3] Carrier also would argue that the amount of controversy involved here **does not** exceed $75,000.00 as required.  Again, as noted above, the First Action was filed as an arbitration matter within Philadelphia County whereby Plaintiff claimed that damages were less than $50,000 and then, thereafter, settled the entire matter for $3,000.00.

[4] It is unclear whether Plaintiffs attempt to argue that somehow Plaintiffs' claims under the Magnuson-Moss Warranty Act claims provide a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 and further, that the court would have supplemental jurisdiction under 28 U.S.C. 1367 as to other claims.  As this Court is aware, the Magnuson-Moss Warranty Act provides a cause of action to an injured consumer when a warrantor fails to comply with a written or implied warranty. 15 U.S.C. § 2310(d)(1).  However, claims **may not** be brought in federal court under the Act if "the amount in controversy is less than the sum or value of $50,000 (*exclusive of interests and costs*) computed on the basis of all claims to be determined in the suit." 15 U.S.C § 2310(d)(3)(B) (***emphasis added***).  The standard measure of damages under the Act is "the difference between the value of goods as warranted and the value of the defective goods." *See* Skriletz v. Ford Motor Co., No. 98 1550, 1999 U.S. Dist. LEXIS 2952, at *7-8 (E.D. Pa. Mar. 10, 1999), *citing* Neilon, 1997 U.S. Dist. LEXIS 20327, at *3.  Even though Carrier would disagree and/or contest the value of the goods involved here (or actual application to the Warranty Act), Exhibit 5 – 6 to Plaintiffs' Complaint indicates the value of the goods at $15,000.  Plaintiffs fail to meet their burden of establishing the jurisdictional amount in controversy required to establish federal jurisdiction under the Act.

This action was filed by Plaintiff pursuant to the Court's diversity jurisdiction,[5] and as such, state substantive law applies. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011) (*citing* Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). In a diversity action, state law controls the statute of limitations. *See* Lafferty v. Gito St. Riel, 495 F.3d 72, 76 (3d Cir. Pa. 2007) (*citing* Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945)).

**Breach of Express Warranty (Count I), Breach of Implied Warranty of Fitness (Count II), Violation of the Magnuson-Moss Warranty Act (Count III), Claims are Barred by <u>Four (4) Year Statute of Limitations</u>**

**Unfair Trade Practices and Consumer Protection Law (Count V) Claim is Barred by <u>Six (6) Year Statute of Limitations</u>**

**Negligent Misrepresentation Claim (Count VI) is Barred by the <u>Two Year Statute of Limitations</u>**

In Pennsylvania, the statute of limitations for contract based actions is four (4) years. *See* 42 Pa. C.S.A. § 5525(a)(8). Count I, II, and III of Plaintiffs' Complaints are all contract based actions. The statute begins to accrue when the contract is breached. *See* McCarthy v. Scottsdale Ins., 1999 U.S. Dist. LEXIS 12899 (E.D. Pa. 1999).

The statute of limitations for claims under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") is six (6) years from the act or omission complained of. Gabriel v. O'Hara, 534 A.2d 488 (Pa. Super. 1987).

In Pennsylvania, the statute of limitations for negligence causes of action is two (2) years. *See* 42 Pa.C.S. § 5524. Count VI of Plaintiff's Complaint sounds in negligence, thus the two (2) year statute of limitations is applicable to that claim.[6]

---

[5] Carrier previously above set forth arguments that, based the existing facts and those readily plead by Plaintiffs, complete diversity of citizenship does not exist and therefore, this Court does not hold subject matter jurisdiction over the matter. The arguments as the Statute of Limitations and further in this Motion are not made in the alternative and Carrier does not intend to waive the jurisdictional arguments.

[6] The only remaining allegations – Count IV and Count VI – are directed only to Pierce-Phelps.

The statute of limitations begins to run "as soon as the right to institute and maintain a suit arises. . . ." <u>Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.</u>, 468 A.2d 468, 471 (Pa. 1983). Thus, the statute of limitations begins to run "upon the occurrence of the alleged breach of duty." <u>Bigansky v. Thomas Jefferson Univ. Hosp.</u>, 658 A.2d 423, 426 (Pa. Super. 1995). While it is possible to toll the statute of limitations under the "discovery rule" for negligence or negligent misrepresentation, a limitation period may be tolled only until the injured party, in the exercise of due diligence, knew, or should have known, of the injury. <u>Edwards v. Duane Morris</u>, 2002 U.S. Dist. LEXIS 16301 (E.D. Pa. 2002). The discovery rule should not apply at all to toll any claims here, as all such claims were actually known to Plaintiff by 2013, as discussed below.

As presented in the Complaint, Plaintiffs purchased the unit and the unit was installed in 2005. Plaintiffs outline a series of facts dating back to the time period of 2005 and 2013 to allege potential issues and knowledge with the design of the unit and/or warranty or fitness of the unit purchased. (*See* Exhibit "A").[7] This current lawsuit was filed August 17, 2020 – even if the Court would take 2013 (the latest date reflected by the allegations of the Complaint) as the year that the claims accrued, the statute of limitations has lapsed on all of plaintiff's claims - contract (4 years, 2017), UTPCPL (6 years, 2019) and negligence actions (2 years, 2015).

C.     **Claims are Precluded under *Res Judicata* – Motion to Dismiss under Fed.R.C.P. 12(b)(6)**

The defense of claim preclusion may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. <u>Connelly Found v. Sch. Dist. of Haverford Twp.</u>, 461 F.2d 495, 496 (3d Cir. 1972) (res judicata may be raised in motion to dismiss prior to answer). Under the principle of res judicata (or claim preclusion ), "a final

---

[7] Exhibits to Plaintiffs' Complaint documents that the alleged leak was occurring since it has been installed in 2005 and also allegedly verified in September 2013. (*See* Exhibit "A", Exhibit 3 - 4).

judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties **or their privies** on the same cause of action." Mintz v. The Carlton House Partners LTD , 595 A.2d 1240 (Pa. Super. 1991)[**emphasis added**]. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties. See Oneida Motor Freight, Inc. v. United, Jersey Bank, 848 F.2d 414, 416, n. 3 (3d Cir. 1988).

Res Judicata exists when the following three (3) elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 171 (3d Cir. 1993)). The identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events. See Lubrizol v. Exxon Corporation, 929 F.2d 960, 964 (3d Cir. 1991). The Pennsylvania Supreme Court has also held that:

> [T]he rule should not be defeated by minor differences of form, parties, or allegations, when these are contrived only to obscure the real purpose, a second trial on the same cause between the same parties. The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by a change in the character of the relief sought, be permitted to nullify the rule.
>
> Mintz, supra, 595 A.2d at 1247, quoting Stevenson v. Silverman, 208 A.2d 786 (Pa. 1965).

The party seeking to take advantage of claim preclusion has the burden of establishing it." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 158 (3d Cir. 2001). Applying the above principles to the instant action, it is clear that the elements required for Carrier to invoke res judicata as a defense in the context of this Motion to Dismiss are met.

First, there was final judgments on the merits in the First Action. Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion. *See* Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995). As explained:

> "When a dispute of law exists between parties to a case and they agree to a settlement of that dispute and entry of a judgment with prejudice based on that settlement, then the terms of that judgment in relation to that legal issue are subject to res judicata principles. A judgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of action.
>
> Langton, *supra*, *citing* 1B Moore's Federal Practice Para(s) .409[5] (2d ed. 1995).

Here, as outlined above and evidenced by the attached records, a settlement was reached in the First Action and it was confirmed by Plaintiff on the Court record. (*See* Exhibits "C" and "D"). The Settlement was further declared to be in full and final effect by a denied Motion to Invalidate Settlement and unsuccessful appeal. (*See* Exhibits "E" to H"). Thus, there was clearly a final judgment.

With respect to the second element, res judicata applies if there is privity or an otherwise close or particular relationship between parties. *See* Bruszewski v. United States, 181 F.2d 419, 422 (3d Cir. 1950); Williams v. City of Allentown, 35 F. Supp. 2d 599, 603 (E.D. Pa. 1998); Avins v. Moll, 610 F. Supp. 308, 316 (E.D. Pa. 1984). The doctrine of privity includes a person so identified in interest with another that he represents the same legal right. Plaintiff David Hatchigian was the plaintiff in the First Action and he has now only added his wife Joan Hatchigian as a plaintiff to "shuffle the deck" and in a clear attempt to argue against claim preclusion. Adding his wife at this point does not defeat a defense of claim preclusion. As noted above, res judicata prevents the relitigation not only by parties to the first action but by

non-parties who are of privy to the original party. The couple lived in the same home with the same air conditioning unit. To argue that simply not naming his wife in the first lawsuit would somehow allow relitigation of the same claims and prevent claim preclusion is without merit.

Finally, in <u>United Stales v. Athlone Industries, Inc</u>., 746 F.2d 977 (3d Cir. 1984), a multifactor test was developed to aid in the determination of whether two (2) causes of action are identical for res judicata purposes: (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same. A close examination of the Complaint in the First Action and the Complaint filed in the present action reveals that the factual issues, legal theories for the action, the documentation evidence, and the relief sought are identical to those issues previously resolved. It is the same air conditioning unit, the same installation, the same warranty issues, the same alleged defects and the same alleged harm. The action at issue is premised upon the same "cause of action" as the prior suit between the parties, which resulted in agreed terms of settlement between them. (*See* Exhibits "C" to "H"). The instant matter is thus barred by claim preclusion and should be dismissed.

IV. **<u>CONCLUSION</u>**

For all of the above-stated reasons, Moving Defendant requests that his Motion to

Dismiss be granted and the Complaint and all claims against Carrier Corporation be dismissed, with prejudice.

                                                   **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

**BY:**   */s/ Carolyn Schweizer*
        CAROLYN M. SCHWEIZER, ESQUIRE
        Attorneys for Defendant, Carrier Corporation

**DATE:** October 15, 2020

## CERTIFICATE OF SERVICE

I, Carolyn M. Schweizer, Esquire hereby certify that on the date set forth below I served the foregoing Motion to Dismiss and accompanying Memorandum of Law in Support upon all counsel of record via electronic filing notification on the below-noted date and also Plaintiffs by way of US mailing, postage prepaid.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

**BY:** *s/ Carolyn Schweizer*
CAROLYN M. SCHWEIZER, ESQUIRE
Attorneys for Defendant, Carrier Corporation

**DATE:** October 15, 2020