*"Exhibit E"*

**FILED**
05 MAR 2017 09:21 pm
**Civil Administration**
E. MASCUILLI

| | | |
|---|---|---|
| DAVID HATCHIGAN, | : | IN THE COURT OF COMMON PLEAS |
| | | PHILADELPHIA, PENNSYLVANIA |
| Plaintiff, | : | |
| v. | | CIVIL ACTION- LAW |
| | : | JULY TERM- 2015 |
| CARRIER CORPORATION, and | | |
| PEIRCE-PHELPS, | : | NO. 150604314 |
| Defendants, | | |

# ORDER

AND NOW ,this _____ day of _____ ,2017 upon consideration of the Motion to INVALIDATE SETTLEMENT and any response thereto, it is Ordered and Decreed that Motion is GRANTED

BY THE COURT

_____
<u>J</u>

Case ID: 150604314
Control No.: 17030827

| | | |
|---|---|---|
| **DAVID HATCHIGAN,** | : | IN THE COURT OF COMMON PLEAS |
| | | PHILADELPHIA, PENNSYLVANIA |
| **Plaintiff,** | : | |
| v. | | CIVIL ACTION- LAW |
| | : | JULY TERM- 2015 |
| **CARRIER CORPORATION, and** | | |
| **PEIRCE-PHELPS,** | : | NO. 150604314 |
| **Defendants,** | | |

# PLAINTIFF'S MOTION TO INVALIDATE SETTLEMENT and MEMORANDUM of Law
## PURSUANT TO PA RCP NO. 229.1

1. Pa.R.C.P. No. 229.1, relating to settlement funds, provides in part:

(c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release. Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.

(d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to

(1) invalidate the agreement of settlement as permitted by law, or

(2) impose sanctions on the defendant as provided in subdivision (e) of this rule.

Case ID: 150604314
Control No.: 17030827

- Pa.R.C.P. No. 229.1(c), (d) (emphasis added)

2. Rule 229.1, whose "purpose is to protect parties from reneging on an agreement[,]" Wright v. Lexington & Conrad Search and Abstract LLC, 26 A.3d 1134 (Pa. Super. 2011), provides that within twenty calendar days of entering into a release, the defendant must deliver the agreed upon settlement funds to the plaintiff.

3. The defendant's failure to do so triggers the plaintiff's right under Rule 229.1 to seek either of two remedies. The plaintiff may seek to invalidate the settlement agreement, the effect of which would be to resume the civil action, or the plaintiff may seek sanctions against the defendant.

4. Moreover, Rule 229.1 confers authority on trial courts to, among other things, enforce settlement agreements so long as the underlying cause of action has not been discontinued.

5. Instantly, the parties have not modified the twenty-one day period by agreement;

6. Jurisdiction remains with this court under Rule 229.1 to invalidate the settlement as the underlying action has not been terminated by Plaintiff. See Pa.R.C.P. No. 229.1 note ("Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.").

7. Wherefore, based on the foregoing, this Motion to Invalidate Settlement should be granted and an Order issued reviving the Civil Action Index No. 150604314.

Respectfully submitted,

/s/ Ward Hutchuson

March 7, 2017

Case ID: 150604314
Control No.: 17030827

## CERTIFICATE OF SERVICE

I, David Hatchigian, hereby certify that a true and correct copy of the foregoing Plaintiff Motion to Invalidate Settlement and Memorandum of Law was served on the below listed address by First -Class United States Mail 3817 on March 7, 2017

Marshall Dennehey Warner Coleman & Goggin
Mrs. Woodie Esquire
620 Freedom Business Center, Suite 300
King of Prussia, Pa. 19406
610-354-8250

James F. Rayan Esquire
995 Old Eagle School Road
Suite 306,
Wayne Pa. 19087

Case ID: 150604314
Control No.: 17030827