**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DAVID HATCHIGIAN AND JOAN RANDAZZO**

**V.** **Civil Action: 20-4110**

**CARRIER CORPORATION AND PEIRCE-PHELPS** **JURY TRIAL DEMANDED**

**ORDER**

AND NOW, this ___ day of _____, 2021, upon consideration of Defendant Carrier's Fed. R. Civ. P. 12(b) Motion to Dismiss and Plaintiffs' Opposition thereto, it is hereby ORDERED that Defendant's Motion is DENIED and it is further ORDERED that counsel shall pay Plaintiffs' costs to oppose this motion.

**BY THE COURT:**

_______________________

, J.

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**DAVID HATCHIGIAN AND JOAN RANDAZZO**

**V.** **Civil Action: 20-4110**

**CARRIER CORPORATION AND PEIRCE-PHELPS** **JURY TRIAL DEMANDED**

# PLAINTIFFS' BRIEF IN OPPOSITION TO CARRIER CORPORATION'S FED. R. CIV. P. 12(B) MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.S. v. York Cnty.*
(M.D. Pa. 2020) .......... 14

*Brennan v. Kulick*,
407 F.3d 603 (3d Cir. 2005) .......... 13

*Coach Lines, Inc. v. Student Transp. of Am., LLC*
(W.D. Pa. 2020) .......... 14

*CSX Transp. Inc. v. Apex Directional Drilling, LLC, No. CV 14-290E*,
2015 WL 8784148 (W.D. Pa. Dec. 15, 2015) .......... 14

*District of Columbia Court of Appeals v. Feldman*,
460 U.S. 462 (1983) .......... 7

*Dixon v. Township of Lower Southampton*,
Civil Action No. 06-5223, 2007 WL 2345277 (E.D. Pa. Aug. 16, 2007) .......... 9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005) .......... 7

*Heater v. Kidspeace*,
No. 05-4545, 2005 WL 2456008 (E.D. Pa. Oct. 5, 2005) .......... 13

*Holmes v. Strawbridge & Clothier, No. 94-1999*,
1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994) .......... 12

*Kaiser Martin Grp., Inc. v. Haas Door Co.*
(E.D. Pa. 2019) .......... 11

*Mason v. O'Toole*
(W.D. Pa. 2020) .......... 8

*Reisinger v. Luzerne County*,
712 F. Supp. 2d 332 (M.D. Pa. 2010) .......... 9

*Ricketti v. Barry*,
775 F.3d 611 (3rd Cir. 2015) .......................................................................... 7

*Rooker v. Fidelity Trust Company*,
263 U.S. 413 (1923) ........................................................................................ 7

*Royal Globe Ins. Co.v. Hauck Mfg. Co.*,
335A.2d460, 462(Pa. Super.Ct . 1975) ........................................................ 11

**Statutes**

Federal Magnuson-Moss Warranty Act ........................................................... 6

42 Pa. Cons. Stat. § 5535 ........................................................................ 10, 13

**Other Authorities**

Rule 229.1 ........................................................................................ *passim*

Fed.R.C.P. 12(b)........................................................................................1,3

Fed.R.C.P. 12(b)(l) ......................................................................................... 5

Fed.R.C.P. 12(b)(6) ....................................................................................... 11

Plaintiffs DAVID HATCHIGIAN and JOAN RANDAZZO hereby respond to Defendant CARRIER CORPORATION's MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b) based on lack of subject matter jurisdiction, statute of limitations, and untimeliness for the reasons set forth more fully in the attached Memorandum of Law.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

**Dated: January 27, 2021** **RESPECTFULLY SUBMITTED,**

*David Hatchigian*

______________________________

**DAVID HATCHIGIAN**
**PLAINTIFF PRO SE**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DAVID HATCHIGIAN AND JOAN RANDAZZO**

**V.**

**Civil Action: 20-4110**

**CARRIER CORPORATION AND PEIRCE-PHELPS**

**JURY TRIAL DEMANDED**

# MEMORANDUM OF LAW OF PLAINTIFFS DAVID HATCHIGIAN AND JOAN RANDAZZO IN OPPOSITION TO DEFENDANT CARRIER CORPORATION'S MOTION TO DISMISS

## I. Statement of Facts

This case was initially filed in in the Philadelphia County Court of Common Pleas. David Hatchigian filed a Writ of Summons on July 1, 2015 and a Complaint against Defendant Carrier Corporation and Defendant Pierce-Phelps on September 20, 2015. Plaintiffs filed their Original Complaint in this action on Aug. 17, 2020 (Doc 1). They filed their Amended Complaint on Dec. 18, 2020 (Doc 15). There was no dismissal or any final order entered terminating any aspect of the state court case prior to the commencement of the present action.

## II. Legal Arguments

### A. LACK OF SUBJECT MATTER JURISDICTION(Motion to Dismiss under Fed.R.C.P. 12(b)(l)).

**a) DEFENDANT'S MOTION TO DISMISS THE FAC REPEATS THE SAME JURISDICTIONAL ARGUMENT FROM ITS MOTION TO DISMISS THE ORIGINAL COMPLAINT, AND IS DUE TO BE DENIED ON THE SAME BASIS.**

1. The value of Plaintiffs' claims exceeds $75,000 based upon i) treble damages under the count pursuant to the federal Magnuson-Moss Warranty Act count of the Amended Complaint, ii) the damages foregone under the parties' unpaid $3,000.00 settlement which failed (Doc 15, ¶¶ 22-28), and the pro se equivalent of legal fees expended by Hatchigian in the state court.

2. In addition, the claims are between citizens of different states and citizens of a foreign state who are not residents of a state of the United States (Id., at ¶10) As further pled by Plaintiffs, Defendant Carrier Corporation is a Delaware corporation (Doc 15). Contrary to Carrier's Motion, its principal place of business was located at 6304 Thompson Road, Syracuse, New York 13221, U.SA until 1990. However, in 1990, its main office or "nerve center" was moved to One Carrier Place Farmington, Connecticut 06032. [1]

3. Furthermore, Defendant Peirce-Phelps is a Delaware corporation with a location at 360 Water St, Wilmington, DE 19804 as well as located within the state Pennsylvania. Peirce-Phelps had been acquired by Watsco, a Florida entity

[1] As noted in the earlier filed Motion to Dismiss the Original Complaint, the entity called Carrier Global Corporation is based in Palm Beach Gardens, Florida, and is not a party in the instant action.

headquartered at 2665 South Bayshore Drive, Suite 901 Coconut Grove, Florida 33133 U.S.A. The mere fact that Defendant Peirce-Phelps is headquartered in Pennsylvania will not preclude complete diversity. See *Ricketti v. Barry*, 775 F.3d 611 (3rd Cir. 2015) (where the Third Circuit found complete diversity of citizenship among the parties, Ricketti being a citizen of New Jersey, Barry of Pennsylvania, and RestorixHealth of Nevada (state of incorporation) and New York (principal place of business) Therefore, because complete diversity is present based on a facial reading of the Amended Complaint, the Motion to Dismiss based on Lack of Subject Matter Jurisdiction should now be denied, and this action scheduled for a trial on the merits.

**b) THE *ROOKER-FELDMAN* DOCTRINE DOES NOT BAR THIS ACTION.**

4. Under the *Rooker-Feldman* doctrine[2] Federal district courts are barred from exercising jurisdiction "over suits that are essentially appeals from state-court judgments." See *Great W. Mining & Mineral Co*., 615 F.3d at 165. The doctrine is narrow in scope. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). For it to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit

[2] *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co., 615 F.3d at 166 (quoting Exxon Mobil Corp*., 544 U.S. at 284) See *Mason v. O'Toole* (W.D. Pa. 2020)

5. Contrary to the Motion's analysis under *Rooker-Feldman*, the settlement process broke down only after the settlement court's acknowledgement that Carrier's release provision was unconscionably broad and unenforceable as initially proposed (Doc 15, ¶¶27, 30, 34) Once the Rule 229.1 sanctions and Plaintiff's Motion for Invalidation based on the failure to provide an executable release agreement were denied, the parties negotiated no new settlement terms, and there was no new settlement proposed by either side.

6. The state court's final disposition consisted of the denial of relief under the relevant subsections of Rule 229.1 - not discontinuance or dismissal. The underlying action was due to be restored to the Jury Trial calendar, but due to the defendant's refusal to provide a conforming settlement release, the settlement court failed to either grant the Motion to Invalidate Settlement or reinstate the action. There was no order of dismissal entered in the state court upon the final disposition as to sanctions, no trial on the merits, and no order entered prior to the filing of Doc 1 in federal court that was remotely predicated on the merits of any of Plaintiff's state court claims. Neither Judge Cohen's April 18, 2017 (with Opinion dated July 5, 2017) or the Superior Court's denial of Hatchigian's Petition for

Allowance were predicated on the merits. See *Dixon v. Township of Lower Southampton*, Civil Action No. 06-5223, 2007 WL 2345277, at **1, 5 (E.D. Pa. Aug. 16, 2007) (holding that the *Rooker-Feldman* doctrine did not apply because the plaintiff appealed his constitutional challenge to a local zoning enforcement action to the Commonwealth Court and Commonwealth Court did not predicate its decision on the merits.) Therefore, under the first prong of the two (2)-prong *Rooker-Feldman* test, Plaintiff's state court claims were not litigated to any extent much less resolved, and were at no point "actually litigated" by the state court prior to filing in the federal forum.

7. Additionally, the Third Circuit has identified "two situations when a federal claim is 'inextricably intertwined' with an issue adjudicated in state court: '(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief; or (2) the federal court must take an action that would negate the state court's judgment.'"*Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 346 (M.D. Pa. 2010) (*quoting In re Madera*, 586 F.3d 228, 231 (3d Cir. 2009)) Here, Plaintiffs do not seek any judicial act to revisit, modify or overturn the state court's final judgment regarding the propriety of Rule 229.1 sanctions, a distinct issue of settlement law which Plaintiff Hatchigian timely appealed to the Superior Court, and none is required to decide the issues in the

instant action.[3] Therefore, as the doctrine does not apply to bar Plaintiffs' claims in the instant suit, the Motion to Dismiss on this basis should also be denied.

### c) FEDERAL QUESTION JURISDICTION IS PRESENT BASED ON COUNTS II AND III, WHICH ALLEGE A DENIAL OF DUE PROCESS OCCURRING AFTER THE STATE COURT'S DENIAL OF RULE 229.1 SANCTIONS.

8. Counts II and III of the instant action (Doc 15, ¶¶38-62) allege violations of the state and Federal constitutions that occurred only *after* the settlement process had already broken down due to Defendant's refusal to provide a conforming settlement release. (Doc 15, ¶¶ 22-24, 36) When the Rule 229.1 sanctions were denied, the parties did not negotiate new settlement terms; no new settlement agreement was drafted; the settlement court neither invalidated the proposed settlement based on the failure to provide an executable release agreement nor reinstated the action for a trial on the merits. (Id., ¶¶ 23-38, 51-68) No order addressed the substance or the merits of Plaintiff's state court claims prior to the filing of Doc 1 in Federal court.

9. Furthermore, unlike cases where section 5535 is applied, no order of dismissal was entered by the state court when deciding the sanctions issue. (See §5535(a)(1))

---

[3] Plaintiff's Petition for Allowance of Appeal was denied on Dec. 4, 2018.

10. Therefore, Federal question jurisdiction is present based on the due process violation separately pled. (Doc 15, ¶¶38-62)

**B. DEFENDANT'S MOTION BASED ON EXPIRATION OF THE STATUTE OF LIMITATIONS IS ALSO DUE TO BE DENIED. (Motion to Dismiss Under Fed.R.C.P. 12(b)(6))**

11. After negotiating the proposed settlement of the 2015 claims against Carrier, Carrier's counsel offered to pay the agreed upon $3,000 in settlement funds if Hatchigian delayed filing his Federal court Complaint. See tolling agreement in *Kaiser Martin Grp., Inc. v. Haas Door Co*. (E.D. Pa. 2019). However, dismissal is improper even in the absence of waiver because the instant action is a "continuation" of the State Court action for purposes of the statute of limitations.

12. Whereas the motion relies on the rule that "that the commencement of an action in a Pennsylvania court does not toll the statute of limitations applicable to a subsequent action commenced in federal court.", the facts here are distinguishable from the facts in *Falsetti v. United Mine Workers of America*, 355F.2d658,662(3dCir.1966), the court rejected appellant's contention that his prior, unsuccessful, state court action served to toll the limitations period for his subsequently filed federal action. See also *Royal Globe Ins. Co.v. Hauck Mfg. Co*., 335A.2d460, 462(Pa. Super.Ct . 1975)("An action in state court does not toll the

running of the statute of limitations against subsequent action in federal court."(*citing Falsetti*, 355F.2d at 662))

13. Also, there is state and federal precedent for tolling under the circumstances: For example, in *Holmes v. Strawbridge & Clothier, No. 94-1999*, 1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994), the plaintiff had filed various state law claims in Pennsylvania state court. While those claims were still pending, the plaintiff brought a separate action in federal court that asserted the same claims that were pending in state court, along with a related federal claim. Id. The court ruled that the state law claims in the federal action were not barred by the statute of limitations, and that plaintiff was entitled to tolling because the earlier state action was filed within the limitations period. The *Holmes* court distinguished the *Falsetti* line of cases on two grounds.

14. First, the court noted that "[those] cases are inapplicable to the instant matter because this plaintiff's action has not been dismissed by the state court." Id. at *3. Second, the court observed that in *Falsetti*, the state law claims had been "fully adjudicated by the state court prior to the plaintiff's re-filing of identical state law claims in federal court. Therefore, had the district court in *Falsetti* exercised pendent jurisdiction over the state law claims in that case, it would have provided a forum for the state law claims where none existed." Id. (citation omitted). The Holmes court reasoned that in the case before it, because the state

action was still pending, the exercise of federal jurisdiction over the state claims would not create a forum where none existed. Here, in contrast, the procedural history and lack of a final order ending the state court litigation at the time the settlement-related motions were denied invoke a scenario akin to Holmes, and displace the Falsetti rule particularly given the lack of a final order terminating the action when deciding the Rule 229.1 sanctions. [4]

15. Moreover, there is no question that arise as to "conditional dismissal" as in *Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), i.e., because there was no dismissal to start with, and it is undisputed that if Defendant had successfully removed the state court case to federal court, the claims would not be barred by the statute of limitations. See, e.g., *Heater v. Kidspeace*, No. 05-4545, 2005 WL 2456008, at *2 (E.D. Pa. Oct. 5, 2005).

16. Rather, the proceedings in the state court action provide a record basis for inferring the sufficiency of notice of the substance of Plaintiff's claims, and that permitting the federal suit to proceed would not result in any harm or prejudice to defendant, nor does it entitle defendant to a defense under the statute of limitations.

[4] While it is correct to say that § 5535(a)(1) provides that if a party timely commences an action that is later terminated, that party may commence a new lawsuit on the same cause of action within one year of the termination. (42 Pa. Cons. Stat. § 5535), this subsection of section 5535 should not apply where, as here, the state action was not dismissed contemporaneous with the final disposition as to Rule 229.1 sanctions.

**d) RES JUDICATA DID NOT ATTACH IN THE STATE COURT LAWSUIT.**

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.'" *CSX Transp. Inc. v. Apex Directional Drilling, LLC, No. CV 14-290E*, 2015 WL 8784148, at *2 (W.D. Pa. Dec. 15, 2015) (*quoting Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997), cited by Pa. *Coach Lines, Inc. v. Student Transp. of Am., LLC* (W.D. Pa. 2020) Under Pennsylvania law, collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *B.S. v. York Cnty*. (M.D. Pa. 2020) , citing E.K. v. J.R.A., --- A.3d ----, 2020 WL 4558562, at *8-*9 (Pa. Super. Ct. Aug. 7, 2020) (*quoting Vignola*, 39 A.3d at 393). Although the Motion to Invalidate Settlement was denied and Rule 229.1 sanctions were never granted, there was no final judgment or order predicated on consideration of the merits. As argued hereinabove, the state court's ruling on Rule 229.1 sanctions on Plaintiff's Motion to Invalidate were not a

substitute for timely dismissal and/or adjudication of the claims at issue. Finally, estoppel theory should not bar any of the claims newly asserted by Co-plaintiff Joan Randazzo.

Therefore, the Motion to Dismiss based on Res Judicata should be denied. WHEREFORE, Plaintiffs respectfully request that Defendant's Motion to Dismiss be denied in its entirety.

**Dated this __ day of February __, 2021**

**Respectfully submitted,**

*David Hatchigian*

___________________________________

**DAVID HATCHIGIAN, PLAINTIFF PRO SE**

*Joan Randazzo*

___________________________________

**JOAN RANDAZZO, PLAINTIFF PRO SE**

**UNITED STATES DISTRICT COURT FOR THE EASTER DISTRICT**

**DAVID HATCHIGIAN**
**And JOAN RANDAZZO**
***Plaintiffs***

**Civil Action 20-cv-4110**

**Vs.**

**CARRIER CORPORATION**
**And PEIRCE-PHELPS, INC**
***Defendants***

**JURY TRIAL DEMAND**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2021, a copy of Plaintiffs Response to Defendants Motion to Dismiss was e-filed with the court and mailed by way of USPS 3817.

To:

Marshall, Dennehey, Warner, Coleman, & Goggin
Carolyn M. Schweizer Esquire
Counsel for Carrier Corporation
2000 Market Street
Suite 2300
Philadelphia Pa. 19103
215-575-4569 /f 215-575-0856
cmschweizer@mdwcg.com

Schwabenland & Ryan, P.C.
James F. Ryan, Esquire
Counsel for Perce-Phelps
995 Old Eagle Road

Suite 306
Wayne Pa. 19087
610-971-9200
jfran@jfranlaw.com

David Hatchigian

David Hatchigian

2414 Township Line Road

Havertown Pa. 19083

610-446-7257 / f 610-527-7516

David3091@outlook.com