# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

**DAVID HATCHIGIAN AND JOAN**
**RANDAZZO**

**V.**  Civil Action: 20-4110

**CARRIER CORPORATION AND**
**PEIRCE-PHELPS**  JURY TRIAL DEMAND

## ORDER

AND NOW, this ___ day of _____, 2021, upon consideration of Defendant PEIRCE-PHELPS'S 12(b) Motion to Dismiss and Plaintiff DAVID HATCHIGIAN's and Plaintiff JOAN RANDAZZO's Opposition thereto, it is hereby ORDERED that the Defendant's Motion is DENIED and it is further ORDERED that counsel shall pay Plaintiffs' costs to oppose the Motion.

**BY THE COURT:**

_____
, J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DAVID HATCHIGIAN AND JOAN
RANDAZZO,

Plaintiffs

V.                                                          Civil Action: 20-4110

CARRIER CORPORATION AND
PEIRCE-PHELPS,                                  JURY TRIAL DEMAND

Defendants

## MEMORANDUM OF LAW OF PLAINTIFFS HATCHIGIAN AND RANDAZZO IN OPPOSITION TO PEIRCE PHELP'S MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiffs DAVID HATCHIGIAN and JOAN RANDAZZO hereby respectfully file this Response to Defendant PEIRCE PHELPS's MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b) subject to Plaintiffs' pending Motion for an Extension of Time to Oppose Motion due to COVID-19, and for the reasons set forth more fully in the attached Memorandum of Law. WHEREFORE, Pro se Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss.

Dated: January 28, 2021
*David Hatchigian*

_____
**DAVID HATCHIGIAN, PLAINTIFF PRO SE**
*Joan Randazzo*

_____
**JOAN RANDAZZO, PLAINTIFF PRO SE**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DAVID HATCHIGIAN AND JOAN
RANDAZZO

V.                                                    Civil Action: 20-4110

CARRIER CORPORATION AND
PEIRCE-PHELPS                                         JURY TRIAL DEMANDED

**MEMORANDUM OF LAW OF PLAINTIFFS DAVID HATCHIGIAN AND JOAN RANDAZZO IN OPPOSITION TO DEFENDANT PEIRCE PHELP'S MOTION TO DISMISS THE AMENDED COMPLAINT**

TABLE OF AUTHORITIES

Page(s)

**Cases**

*B.S. v. York Cnty.*
  (M.D. Pa. 2020) ............................................................................................................12

*Brennan v. Kulick*,
  407 F.3d 603 (3d Cir. 2005) .........................................................................................10

*Coach Lines, Inc. v. Student Transp. of Am., LLC*
  (W.D. Pa. 2020) ............................................................................................................11

*CSX Transp. Inc. v. Apex Directional Drilling, LLC*, No. CV 14-290E,
  2015 WL 8784148 (W.D. Pa. Dec. 15, 2015) ..............................................................11

*Dixon v. Township of Lower Southampton*, Civil Action
  No. 06-5223, 2007 WL 2345277 (E.D. Pa. Aug. 16, 2007) ...........................................4

*Gentry v. Sikorsky Aircraft Corp.*,
  383 F.Supp.3d 442 (E.D. Pa. 2019) ............................................................................7, 8

*Heater v. Kidspeace*,
  No. 05-4545, 2005 WL 2456008 (E.D. Pa. Oct. 5, 2005) ...........................................11

*Hertz Corp. v. Friend,*
   559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)......................................................7, 8

*Holmes v. Strawbridge & Clothier,* No. 94-1999,
   1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994)......................................................9, 10

*Kaiser Martin Grp., Inc. v. Haas Door Co.*
   (E.D. Pa. 2019)....................................................................................................................8

*Kelly v. Metro. Grp. Prop. & Cas. Ins. Co.*
   (6th Cir. 2020)....................................................................................................................7

*Mason v. O'Toole*
   (W.D. Pa. 2020) .................................................................................................................3

*Reisinger v. Luzerne County,*
   712 F. Supp. 2d 332 (M.D. Pa. 2010)...................................................................................5

*Ricketti v. Barry,*
   775 F.3d 611 (3rd Cir. 2015) ..............................................................................................7

*Royal Globe Ins. Co.v. Hauck Mfg. Co.,*
   335A.2d460, 462(Pa. Super.Ct . 1975)...............................................................................9

**Statutes**

42 Pa. Cons. Stat. § 5535 .........................................................................................................10

28 U.S.C. § 1332......................................................................................................................7

Federal Magnuson-Moss Warranty Act....................................................................................6

**Other Authorities**

Pa. Rule 229.1 ................................................................................................................4, 5, 10, 12

Fed.R.C.P. 12(b)(l)...................................................................................................................5

Fed.R.C.P. 12(b)(6)...................................................................................................................8

## I.   Statement of Facts

This case was initially filed in in the Philadelphia County Court of Common Pleas. David Hatchigian filed a Writ of Summons on July 1, 2015 and a Complaint against Defendant Carrier Corporation and Defendant Pierce-Phelps on September

20, 2015. Plaintiffs filed their Original Complaint in this action on Aug. 17, 2020 (Doc 1). They filed their Amended Complaint on Dec. 18, 2020 (Doc 15). There was no dismissal or any final order entered terminating any aspect of the state court case prior to the commencement of the present action.

## II. Legal argument

### A. CONTRARY TO PEIRCE PHELPS' ANALYSIS UNDER ROOKER-FELDMAN, THE DOCTRINE DOES NOT BAR THIS ACTION.

Under the *Rooker-Feldman* doctrine Federal district courts are barred from exercising jurisdiction "over suits that are essentially appeals from state-court judgments." See *Great W. Mining & Mineral Co.*, 615 F.3d at 165. The doctrine is narrow in scope. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). For it to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (quoting Exxon Mobil Corp., 544 U.S. at 284) See *Mason v. O'Toole* (W.D. Pa. 2020) Contrary to the Motion's analysis under *Rooker-Feldman*, the settlement process broke down only after the settlement court's acknowledgement that Carrier's release

provision was unconscionably broad and unenforceable as initially proposed (Doc 15, ¶¶27, 30, 34)

Once the Rule 229.1 sanctions and Plaintiff's Motion for Invalidation based on the failure to provide an executable release agreement were denied, the parties negotiated no new settlement terms, and there was no new settlement proposed by either side. The state court's final disposition consisted of the denial of relief under the relevant subsections of Rule 229.1 - not discontinuance or dismissal. The underlying action was due to be restored to the Jury Trial calendar, but due to the defendant's refusal to provide a conforming settlement release, the settlement court failed to either grant the Motion to Invalidate Settlement or reinstate the action. There was no order of dismissal entered in the state court upon the final disposition as to sanctions, no trial on the merits, and no order entered prior to the filing of Doc 1 in federal court that was remotely predicated on the merits of any of Plaintiff's state court claims.

Neither Judge Cohen's April 18, 2017 (with Opinion dated July 5, 2017) or the Superior Court's denial of Hatchigian's Petition for Allowance were predicated on the merits. See *Dixon v. Township of Lower Southampton*, Civil Action No. 06-5223, 2007 WL 2345277, at **1, 5 (E.D. Pa. Aug. 16, 2007) (holding that the Rooker-Feldman doctrine did not apply because the plaintiff appealed his constitutional challenge to a local zoning enforcement action to the

Commonwealth Court and Commonwealth Court did not predicate its decision on the merits.)

Therefore, under the first prong of the two (2)-prong Rooker-Feldman test, Plaintiff's state court claims were not litigated to any extent much less resolved, and were at no point "actually litigated" by the state court prior to filing in the federal forum. Additionally, the Third Circuit has identified "two situations when a federal claim is 'inextricably intertwined' with an issue adjudicated in state court: '(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief; or (2) the federal court must take an action that would negate the state court's judgment.'"*Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 346 (M.D. Pa. 2010) (*quoting In re Madera*, 586 F.3d 228, 231 (3d Cir. 2009)) Here, Plaintiffs do not seek any judicial act to revisit, modify or overturn the state court's final judgment regarding the propriety of Rule 229.1 sanctions, a distinct issue of settlement law which Plaintiff Hatchigian timely appealed to the Superior Court, and none is required to decide the issues in the instant action. Therefore, as the doctrine does not apply to bar Plaintiffs' claims in the instant suit, the Motion to Dismiss on this basis should also be denied. Based on a facial reading of the Complaint, this Court should deny Defendant's Motion to Dismiss Based on Lack of Subject Matter Jurisdiction Pursuant to Fed. R.C.P. 12(b)(1).

### B. SUBJECT MATTER JURISDICTION EXISTS FROM A FACIAL READING OF THE COMPLAINT

The value of Plaintiffs' claims exceeds $75,000 based upon i) treble damages under the count pursuant to the federal Magnuson-Moss Warranty Act count of the Amended Complaint, ii) the damages foregone under the parties' unpaid $3,000.00 settlement which failed (Doc 15, ¶¶ 22-28), and the pro se equivalent of legal fees expended by Hatchigian in the state court. In addition, the claims are between citizens of different states and citizens of a foreign state who are not residents of a state of the United States (Id., at ¶10)

Defendant Carrier Corporation is a Delaware corporation (Doc 15). Contrary to Carrier's Motion, its principal place of business was located at 6304 Thompson Road, Syracuse, New York 13221, U.SA until 1990. However, in 1990, its main office or "nerve center" was moved to One Carrier Place Farmington, Connecticut 06032. [1]

Furthermore, Defendant Peirce-Phelps is a Delaware corporation with a location at 360 Water St, Wilmington, DE 19804 as well as located within the state Pennsylvania. Although two states of citizenship are possible for Defendant Peirce Phelps, the company was recently acquired by Watsco, a Florida entity

---

[1] As noted in the earlier filed Motion to Dismiss the Original Complaint, the entity called Carrier Global Corporation is based in Palm Beach Gardens, Florida, and is not a party in the instant action.

headquartered at 2665 South Bayshore Drive, Suite 901 Coconut Grove, Florida 33133 U.S.A. As such, Defendant's Pennsylvania location can no longer serve as its main office and "nerve center". [2] Alternatively, jurisdictional discovery is minimally required regarding Peirce Phelps' CFO's contention of "complete autonomy" (Id., ¶7) *Gentry, supra* (jurisdictional discovery needed to decide citizenship "…a prerequisite for determining whether the Court has diversity subject matter jurisdiction") Assuming the state of incorporation were arguendo unavailable for diversity purposes, CFO Subranni's averment that Defendant "…maintains 21 branch sales offices, 13 in Pennsylvania, 5 in New Jersey and one in Delaware." (Doc 8-3, ¶5) and that its HVAC business operations were acquired

---

[2] The mere fact that Defendant Peirce-Phelps is headquartered in Pennsylvania will not preclude complete diversity. See *Ricketti v. Barry*, 775 F.3d 611 (3rd Cir. 2015) (where the Third Circuit found complete diversity of citizenship among the parties, Ricketti being a citizen of New Jersey, Barry of Pennsylvania, and RestorixHealth of Nevada (state of incorporation) and New York (principal place of business) A corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332; see dicta, *Kelly v. Metro. Grp. Prop. & Cas. Ins. Co.* (6th Cir. 2020) The test for ascertaining corporate citizenship is set forth in the Supreme Court's decision in Hertz Corp. v. Friend , 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Hertz applies when determining the citizenship of a corporation for diversity jurisdiction purposes, see 559 U.S. at 80–81, 130 S.Ct. 118 Gentry v. Sikorsky Aircraft Corp., 383 F.Supp.3d 442 (E.D. Pa. 2019) Under Hertz , a corporation is a citizen of both (1) its state of incorporation, and (2) the state where the company keeps its "nerve center," i.e., the sole location where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Gentry, *supra*.)

by a Florida entity last year (Doc 8-3, ¶6) would not support Pennsylvania as "the focal point of all of its business activities" (Id., ¶9)[3]

Therefore, because complete diversity is present based on a facial reading of the Amended Complaint, the Motion to Dismiss based on Lack of Subject Matter Jurisdiction should now be denied, and this action scheduled for a trial on the merits.

C. **Peirce Phelps' Motion to Dismiss Based on the Statute of Limitations Defense is Likewise Due to Be Denied.**

    a. **DEFENDANT'S MOTION BASED ON EXPIRATION OF THE STATUTE OF LIMITATIONS IS ALSO DUE TO BE DENIED. (Motion to Dismiss Under Fed. R.C.P. 12(b)(6))**

1. Dismissal is improper because the instant action is a "continuation" of the State Court action for purposes of the statute of limitations because after negotiating the proposed settlement of the 2015 claims against co-defendant Carrier, Carrier's counsel offered to pay the agreed upon $3,000 in settlement funds if Hatchigian delayed filing his Federal court Complaint. See tolling agreement in *Kaiser Martin Grp., Inc. v. Haas Door Co.* (E.D. Pa. 2019). However,

---

[3] *Hertz* recognized that anomalies might arise under the nerve center test; for instance if the bulk of a company's activities which are visible to the public take place in New Jersey but the top officers run the business from New York, the company's principal place of business, for diversity purposes, is in New York. Id.

2. Whereas the motion relies on the rule that "that the commencement of an action in a Pennsylvania court does not toll the statute of limitations applicable to a subsequent action commenced in federal court.", the facts here are distinguishable from the facts in *Falsetti v. United Mine Workers of America*, 355F.2d658,662(3dCir.1966), the court rejected appellant's contention that his prior, unsuccessful, state court action served to toll the limitations period for his subsequently filed federal action. See also *Royal Globe Ins. Co.v. Hauck Mfg. Co.*, 335A.2d460, 462(Pa. Super. Ct . 1975)("An action in state court does not toll the running of the statute of limitations against subsequent action in federal court."(*citing Falsetti*, 355F.2d at 662))

3. State and federal precedent applies to toll the statute of limitations: For example, in *Holmes v. Strawbridge & Clothier, No. 94-1999*, 1994 U.S. Dist. LEXIS 16394 (E.D. Pa. Nov. 16,1994), the plaintiff had filed various state law claims in Pennsylvania state court. While those claims were still pending, the plaintiff brought a separate action in federal court that asserted the same claims that were pending in state court, along with a related federal claim. Id. The court ruled that the state law claims in the federal action were not barred by the statute of limitations, and that plaintiff was entitled to tolling because the earlier state action was filed within the limitations period. The *Holmes* court distinguished the *Falsetti* line of cases on two grounds. First, the court noted that "[those] cases are

inapplicable to the instant matter because this plaintiff's action has not been dismissed by the state court." Id. at *3. Second, the court observed that in *Falsetti*, the state law claims had been "fully adjudicated by the state court prior to the plaintiff's re-filing of identical state law claims in federal court. Therefore, had the district court in *Falsetti* exercised pendent jurisdiction over the state law claims in that case, it would have provided a forum for the state law claims where none existed." Id. (citation omitted). The Holmes court reasoned that in the case before it, because the state action was still pending, the exercise of federal jurisdiction over the state claims would not create a forum where none existed.

4. Here, in contrast, there was no dismissal and no contemporaneous discontinuance of the state court case, and none of Plaintiffs' causes of action were adjudicated on the merits. Absent any final order ending the state court litigation when the settlement motions were denied the *Falsetti* rule is displaced, particularly given the lack of a final order terminating the action when deciding the Rule 229.1 sanctions.[4] There is no question that arise as to "conditional dismissal" as in *Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), i.e., because there was no dismissal to start with, and it is undisputed that if Defendant had successfully

---

[4] While it is correct to say that § 5535(a)(1) provides that if a party timely commences an action that is later terminated, that party may commence a new lawsuit on the same cause of action within one year of the termination. (42 Pa. Cons. Stat. § 5535), this subsection of section 5535 should not apply where, as here, the state action was not dismissed contemporaneous with the final disposition as to Rule 229.1 sanctions.

removed the state court case to federal court, the claims would not be barred by the statute of limitations. See, e.g., *Heater v. Kidspeace*, No. 05-4545, 2005 WL 2456008, at *2 (E.D. Pa. Oct. 5, 2005).

5. Rather, the proceedings in the state court action provide a record basis for inferring the sufficiency of notice of the substance of Plaintiff's claims, and that permitting the federal suit to proceed would not result in any harm or prejudice to defendant, nor does it entitle defendant to a defense under the statute of limitations.

D. **Res Judicata did not attach in the State Court Lawsuit.**

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.'" *CSX Transp. Inc. v. Apex Directional Drilling, LLC*, No. CV 14-290E, 2015 WL 8784148, at *2 (W.D. Pa. Dec. 15, 2015) (quoting *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997), cited by Pa. *Coach Lines, Inc. v. Student Transp. of Am., LLC* (W.D. Pa. 2020) Under Pennsylvania law, collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior

proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *B.S. v. York Cnty.* (M.D. Pa. 2020), citing E.K. v. J.R.A., --- A.3d ----, 2020 WL 4558562, at *8-*9 (Pa. Super. Ct. Aug. 7, 2020) (*quoting Vignola*, 39 A.3d at 393).

Although the Motion to Invalidate Settlement was denied and Rule 229.1 sanctions were never granted, there was no final judgment or order predicated on consideration of the merits. As argued hereinabove, the state court's ruling on Rule 229.1 sanctions on Plaintiff's Motion to Invalidate were not a substitute for timely dismissal and/or adjudication of the claims at issue. Finally, estoppel theory should not bar any of the claims newly asserted by Co-plaintiff Joan Randazzo.

Therefore, the Motion to Dismiss based on Res Judicata should also be denied.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion to Dismiss be denied in its entirety.

**Dated this___ day of February ___, 2021**

**Respectfully submitted,**

*David Hatchigian*

_____
**DAVID HATCHIGIAN, PLAINTIFF PRO SE**

*Joan Randazzo*

_____
**JOAN RANDAZZO, PLAINTIFF PRO SE**

UNITED STATES DISTRICT COURT FOR THE EASTER DISTRICT

DAVID HATCHIGIAN
And JOAN RANDAZZO
*Plaintiffs*

Civil Action 20-cv-4110

Vs.

CARRIER CORPORATION
And PEIRCE-PHELPS, INC
*Defendants*

JURY TRIAL DEMAND

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2021, a copy of Plaintiffs Response to Defendants Motion to Dismiss was e-filed with the court and mailed by way of USPS 3817.

To:

Marshall, Dennehey, Warner, Coleman, & Goggin
Carolyn M. Schweizer Esquire
Counsel for Carrier Corporation
2000 Market Street
Suite 2300
Philadelphia Pa. 19103
215-575-4569 /f 215-575-0856
cmschweizer@mdwcg.com

Schwabenland & Ryan, P.C.
James F. Ryan, Esquire
Counsel for Perce-Phelps
995 Old Eagle Road

Suite 306
Wayne Pa. 19087
610-971-9200
jfran@jfranlaw.com

David Hatchigian

David Hatchigian

2414 Township Line Road

Havertown Pa. 19083

610-446-7257 / f 610-527-7516

David3091@outlook.com