IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATCHIGIAN AND JOAN RANDAZZO, | : : : | CIVIL ACTION NO. 20-CV-4110 |
| *Plaintiffs*, | : : | |
| v. | : : | |
| CARRIER CORPORATION, et al., | : : | |
| *Defendants*. | : : : | |

## **MEMORANDUM**

David Hatchigian and Joan Randazzo have brought suit *pro se* against Defendants Peirce-Phelps, LLC, Carrier Corporation, the County of Philadelphia, and the Court of Common Pleas of Philadelphia County for breach of settlement, violations of the Federal and Pennsylvania Constitutions, deprivation of civil rights under 42 U.S.C. § 1983, declaratory judgment pursuant to 42 Pa. Cons. Stat. § 7532, negligence, breach of implied and express warranty, breach of contract, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, *et seq*. Before the Court are Motions to Dismiss Plaintiffs' Amended Complaint by Peirce-Phelps, LLC (ECF No. 16) and Carrier Corporation (ECF No. 17), arguing pursuant to Federal Rules of Civil Procedure

1

12(b)(1) and (6) that this Court lacks subject matter jurisdiction and that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

This Court dismissed Plaintiffs' initial Complaint (ECF No. 1) for lack of subject matter jurisdiction (ECF Nos. 12 and 14); Plaintiffs' Amended Complaint has not remedied those defects. Plaintiffs have attempted to establish federal jurisdiction by adding the County of Philadelphia and the Court of Common Pleas of Philadelphia County, which adjudicated Hatchigian's earlier attempt to resolve this conflict in Pennsylvania state court, and by arguing that this Court has some constitutional obligation to set aside that court's duly-made decision. This Court finds the amended pleadings lacking and will dismiss the Amended Complaint in its entirety.

**I.      FACTS**

This case has an extensive history which was discussed at length in the Court's December 3, 2020 Memorandum Opinion (ECF No. 12), and will be only briefly summarized again here.

In 2005, Plaintiffs David Hatchigian and Joan Randazzo (collectively, "Plaintiffs") purchased an air conditioner unit manufactured by defendant Carrier Corporation ("Carrier") from retailer Peirce-Phelps, LLC ("Peirce-Phelps") for installation on the roof of a multi-unit property in Philadelphia. *See* ECF No. 15 at

¶ 17. Plaintiffs allege that the Carrier unit malfunctioned, causing significant water damage and necessitating costly mold remediation. *Id.* at ¶ 18.

In September 2015, Hatchigian filed a complaint against Carrier and Peirce-Phelps in the Philadelphia County Court of Common Pleas. ECF No. 15 ¶ 3.[1] On January 23, 2017, the morning of the parties' scheduled non-jury trial, the Honorable Gene Cohen conducted settlement discussions where Hatchigian was represented by counsel. *See* ECF No. 15, Ex. C. Following negotiation, the parties agreed to settle the case for $3,000. *Id.* at 3. Hatchigian's attorney read the settlement into the record and Hatchigian affirmed his acceptance of the settlement. *Id.* at 5. However, Hatchigian later refused to sign the settlement release provided by Carrier and the funds were not disbursed. *See* ECF No. 15 at ¶ 43 (noting Carrier withheld payment contingent on Hatchigian's execution of a release).[2]

On March 5, 2017, Hatchigian moved to invalidate the settlement in the Philadelphia County Court of Common Pleas arguing that Carrier and Peirce-

---

[1] The Complaint asserted claims for breach of contract, breach of warranty, negligent design, and violation of the Magnuson-Moss Warranty Act. ECF No. 15, Ex. B.

[2] In the state settlement transcript, Hatchigian seems to admit that he installed the Carrier unit himself, and then refused to sign the release because he wanted to be able to buy another Carrier air conditioning unit, install it himself again, and retain the right to sue if it caused mold. Carrier wanted a release that prevented Hatchigian from bringing future lawsuits against them if he installed the unit himself. In the Amended Complaint, Hatchigian claims that the release was "unconscionably broad."

Phelps failed to timely disburse the settlement funds. *See* ECF No. 15, Ex. E. In denying the Motion, the court described Hatchigian's refusal to sign the "appropriate and necessary release" as "unreasonable." *See* ECF No. 15, Ex. F at 2. On May 21, 2018, the Pennsylvania Superior Court affirmed the denial on appeal, finding Hatchigian's arguments "meritless because Hatchigian himself agreed to the settlement on the record." ECF No. 15, Ex. I at 4. To date, Plaintiff Hatchigian has not returned a signed release and the funds have not been disbursed. *See* ECF No. 16 at 3; ECF No. 17. Ex. B at 7.

On August 17, 2020, Hatchigian, joined by his wife, brought suit in federal court claiming for negligence, breaches of implied and express warranty, breach of contract, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, *et seq*. and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-1, *et seq*. *See* ECF No. 1. On December 3, 2020, this Court granted Carrier's and Peirce-Phelps' Motions to Dismiss that Complaint without prejudice after finding that Plaintiffs failed to establish a basis for the Court's subject matter jurisdiction. *See* ECF No. 12.

On December 18, 2020, Plaintiffs filed an Amended Complaint adding the County of Philadelphia and the Court of Common Pleas of Philadelphia County as defendants. *See* ECF No. 15. The Amended Complaint also added causes of action for breach of settlement, violations of the Federal and Pennsylvania Constitutions,

deprivation of civil rights under 42 U.S.C. § 1983, and declaratory judgment pursuant to 42 Pa. Cons. Stat. § 7532. *Id.* The Amended Complaint incorporates the factual averments made in the initial Complaint and also alleges that the County of Philadelphia and the Court of Common Pleas of Philadelphia County violated Hatchigian's civil rights and constitutional right to due process by declining to invalidate his January 23, 2017 settlement agreement. ECF No. 15 at ¶¶ 51–73.

## II.   STANDARD OF REVIEW

Carrier and Peirce-Phelps argue under Federal Rules of Civil Procedure 12(b)(1) and (6) that the Court lacks subject matter jurisdiction, that Plaintiffs' claims are barred by the applicable statute of limitations, and that Plaintiffs' claims are precluded by *res judicata*. ECF No. 16 at 2; ECF No. 17 at 2. They further allege that, as a federal district court, this Court is barred from reviewing the validity of Hatchigian's state settlement agreement by the Rooker-Feldman Doctrine. ECF No. 16 at 1; ECF No. 17 at 8. Plaintiffs' Amended Complaint does not remedy the jurisdictional flaws present in Plaintiffs' initial Complaint. As a result, this Court lacks subject matter jurisdiction to hear Plaintiffs' case and, accordingly, will discuss only the standard for a Rule 12(b)(1) Motion.[3]

---

[3] This Court will not reach whether Plaintiffs' claims are barred by the applicable statutes of limitation or are precluded by *res judicata*. "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the United States] Constitution and [federal] statute[s.]" *In re Community Bank of N. Virginia Mortg. Lending Practices Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration in original). "The burden of demonstrating that a case falls within the jurisdiction of the federal court rests upon the party asserting jurisdiction." *Id.* Federal Rule of Civil Procedure 12(b)(1) authorizes a district court to dismiss a complaint for "lack of jurisdiction over the subject matter" of the case. Fed. R. Civ. P. 12(b)(1). The most common grounds for a federal court's jurisdiction are diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

A motion to dismiss for lack of subject matter jurisdiction may present either a facial attack or a factual attack. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F. 3d 99, 105 (3d Cir. 2015). A facial challenge concerns insufficient pleading, and a factual attack concerns a disputed fact relevant to jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F. 3d 169, 176 (3d. Cir. 2000). Here, Carrier and Peirce-Phelps present both facial and factual challenges in their Motions to Dismiss.

---

complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa 1993), *aff'd* 39 F. 3d 61 (3d Cir. 1994).

Where the motion presents a facial challenge to jurisdiction, "the Court must accept well-pled factual allegations as true and may consider only the complaint and any documents referenced therein or attached thereto." *See Lincoln Ben. Life Co.*, 800 F.3d at 105. The Court may not consider affidavits or briefs in opposition. *Id.* at 110. In contrast, a factual challenge to jurisdiction challenges whether the District Court actually has subject matter jurisdiction based on the facts alleged. *Davis v. Wells Fargo*, 824 F. 3d 333, 346 (3d Cir. 2016). To that end, "the court may consider evidence outside the pleadings." *See Gould Elecs., Inc.*, 220 F. 3d at 176.

## III.   DISCUSSION

Carrier and Peirce-Phelps move to dismiss Plaintiffs' Amended Complaint for lack diversity jurisdiction and lack of federal question jurisdiction. Because the Court finds that it lacks jurisdiction over these claims, it will not address all the arguments raised in Defendants' motions.

### A.   Plaintiffs Do Not Establish Complete Diversity.

Plaintiffs' Amended Complaint does not establish complete diversity because both plaintiffs and three of the four named defendants—Peirce-Phelps, the County of Philadelphia, and the Court of Common Pleas of Philadelphia County—are citizens of Pennsylvania. Plaintiffs have not cured the factual defects present in

their initial Complaint; in fact, adding two additional Pennsylvanian defendants only further undermines their claim of federal jurisdiction.

Federal Rule of Civil Procedure 8(a)(1) requires Plaintiffs to provide a short and plain statement of the grounds for the court's jurisdiction. The burden of establishing diversity jurisdiction rests with the party asserting its existence. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). A plaintiff meets this burden by proving diversity of citizenship by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Under 28 U.S.C. § 1332, federal district courts may exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000[4] . . . and is between . . . citizens of different States." 28 U.S.C.A. § 1332. As this Court explained in its December 3, 2020 Memorandum Opinion (ECF No. 12), the statute requires "complete diversity" between the parties, meaning that "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal citation omitted).

The rules of citizenship are well established. "A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of

---

[4] Carrier also argues that the amount in controversy here does not exceed $75,000. ECF No. 17 at 7 n. 2.

the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Ben. Life Co.*, 800 F.3d at 104. Finally, while states are not "citizens" for purposes of diversity, counties are deemed to be citizens of the state in which they are located. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.").

Carrier and Peirce-Phelps have brought a factual challenge to this Court's subject matter jurisdiction, arguing that there is no complete diversity because Plaintiffs are Pennsylvania citizens and Peirce-Phelps is also a Pennsylvania citizen. In their Amended Complaint, Plaintiffs identify Peirce-Phelps as a Delaware corporation with a principal place of business in Florida and Carrier as a Delaware corporation with a principal place of business in Connecticut. *See* ECF No. 15 at ¶ 10.

Because Carrier and Peirce-Phelps have brought a factual challenge to jurisdiction, this Court is not bound by the four corners of the Amended Complaint and may consider evidence outside the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F. 3d 169, 176 (3d. Cir. 2000). When a factual challenge is made, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. and Loan Ass'n*,

9

549 F.2d 884, 891 (3d Cir. 1977). Here, Plaintiffs have the burden to show that jurisdiction does in fact exist and this Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

In their Amended Complaint, Plaintiffs allege that Peirce-Phelps "was recently acquired by Watsco, a Florida entity." No. 15 at ¶ 10. In their view, that acquisition makes Peirce-Phelps a Florida citizen for diversity purposes. Peirce-Phelps rejects this characterization and asserts that it "maintains its corporate headquarters which is its center of direction, control, and coordination" in the Commonwealth of Pennsylvania. ECF No. 16 at 13. This Court resolved the citizenship question in its December 3, 2020 Memorandum Opinion (ECF No. 12) and reaffirms that conclusion here. Upon review of affidavits supplied by Peirce-Phelps, this Court determined that the company maintains its "nerve center" [5] and principal place of business in Blue Bell, Pennsylvania. Plaintiffs' contrary

---

[5] *See* ECF No. 12 at 5. The "principal place of business" refers to a company's "nerve center" or the location "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This "'nerve center' will typically be found at a corporation's headquarters." *Id.* at 81. Peirce-Phelps does not dispute its Delaware incorporation, but argues that its principal place of business is Blue Bell, Pennsylvania. ECF No. 8 at 7. Peirce-Phelps attaches an Affidavit from its Vice President and CEO averring that it "maintains its corporate headquarters in Blue Bell, Pennsylvania where all of its core executive and administrative functions are carried out." ECF No. 8, Ex. C at 2. While Peirce-Phelps sells equipment in multiple states, "the focal point of all its business activities is located in Pennsylvania." *Id.* at 3. Therefore, Defendant Peirce-Phelps' Motion and Affidavit establish that Blue Bell, Pennsylvania is the company's "nerve center" and thus its principal place of business for the purposes of diversity jurisdiction.

10

assertion in their Amended Complaint does not rebut this finding and Peirce-Phelps will be considered a Pennsylvanian citizen for diversity purposes.

Even if Peirce-Phelps were not a citizen of Pennsylvania (which this Court maintains it is) the Amended Complaint lacks complete diversity on its face because defendants the County of Philadelphia and the Court of Common Pleas of Philadelphia County are also Pennsylvanian citizens. It is well established that counties are citizens of the state in which they are located. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). Philadelphia County is located within the Commonwealth of Pennsylvania, so the County of Philadelphia and the Court of Common Pleas of Philadelphia are both Pennsylvania citizens.

Because Defendants Peirce-Phelps, the County of Philadelphia and the Court of Common Pleas of Philadelphia are citizens of Pennsylvania, there is no complete diversity between Plaintiffs and Defendants, and diversity of citizenship cannot be a basis for this Court's jurisdiction over this matter.

### B.    Plaintiffs' Claim Does Not Meet the Magnuson-Moss Warranty Act's Jurisdictional Threshold.

To the extent that Plaintiffs have pled a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, their allegations are not sufficient to give this Court federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs' Amended Complaint "incorporate[s] by reference Counts I through V of the Complaint originally filed by Plaintiff Hatchigian in the state

11

court action . . . as if they are stated verbatim herein as Counts VI–XI of this Amended Complaint." ECF No. 15 at 13 ¶ 79. Count IV of that state court complaint alleged a cause of action for violations of the Magnuson-Moss Warranty Act. ECF No. 15, Ex. B at 11. Construing Plaintiffs' Amended Complaint liberally, as required,[6] Plaintiffs appear to assert that their claim under the Magnuson-Moss Warranty Act provides a basis for federal question jurisdiction under § 1331.

The Magnuson-Moss Warranty Act provides a cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under the statute, an express or implied warranty, or a service contract. 15 U.S.C. § 2310(d)(1). The statute contains a financial threshold, which prevents a plaintiff from bringing a claim "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C § 2310(d)(3)(B).

To determine whether the jurisdictional amount is met, the party asserting federal jurisdiction must allege the value of the goods as warranted and the value of the defective goods. *See Neilon v. Chrysler Corp.*, No. CIV.A.97–5749, 1997 WL 798266, at *1 (E.D. Pa. Dec. 11, 1997). The plaintiff's good-faith allegation of damages controls the jurisdictional inquiry, unless it "appear[s] to a legal certainty

---

[6] *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir. 2009) ("we remain mindful of our obligation to construe a pro se litigant's pleadings liberally").

12

that the claim is really for less than the jurisdictional amount." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

The Court resolved in its December 3, 2020 Memorandum Opinion (ECF No. 12) that Plaintiffs' initial Complaint alleged, at most, that the value of the defective unit was $15,000.[7] Plaintiffs did not update their Amended Complaint with regard to the value of the air conditioner unit and this Court sees no reason to change its earlier determination. Therefore, this Court lacks federal question jurisdiction over Plaintiffs' Magnuson-Moss Warranty Act claim.

### C. Plaintiffs' § 1983 Claim is Barred by the Statute of Limitations.

Construed liberally,[8] Plaintiffs' Amended Complaint appears to assert that the County of Philadelphia and the Court of Common Pleas of Philadelphia County deprived Plaintiffs of their Fourteenth Amendment right to due process in violation

---

[7] *See* ECF No. 12 at 7. Plaintiffs allege few facts regarding monetary damages. Plaintiffs append to their Complaint a bill they sent to Defendants to "replace the leaking Roof Top Condensing Unit" for $15,000. ECF No. 1-5 Ex. 5 at 6. Plaintiffs allege that "in total," they spent around $30,000 for "fees and labor, materials and other unanticipated costs expended to rectify the damage and unanticipated losses incurred due to the moldy Carrier unit." ECF No. 1 at ¶ 85. At most, the facts Plaintiffs allege suggest the value of the allegedly defective unit was $15,000.

[8] As *pro se* litigants, Plaintiffs are entitled to liberal construction of their Amended Complaint. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). The policy of liberally construing *pro se* filings is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)).

of 42 U.S.C. § 1983 by denying Hatchigian's Motion to Invalidate the settlement agreement and subsequent appeals.[9] Plaintiffs seem to argue that this violation provides a basis for federal question jurisdiction under § 1331, and that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over its non-federal claims. Plaintiffs allege that, by denying Hatchigian's Motion to Invalidate the settlement agreement, the County of Philadelphia "disregarded that civil actions are due to be restored in the event settlements fail to materialize." ECF No. 15 at ¶ 52. They further state that, as a result of that decision, Hatchigian "was deprived of a trial on the merits of his claims." ECF No. 15 at ¶ 52.

Notwithstanding their *pro se* status, Plaintiffs are still required to set forth facts which establish this Court's jurisdiction over their claims. To the extent that Plaintiffs have plead a cause of action for deprivation of rights pursuant to 42 U.S.C. § 1983, their claim is time-barred.[10] Though statute of limitations is

---

[9] Count IV of Plaintiffs' Amended Complaint raises a claim under 42 U.S.C. § 1983 for violations of their civil rights "that occurred after Plaintiff [Hatchigian] brought an action in Philadelphia Country [sic] Common Pleas Court." ECF No. 15 at ¶ 70. Count II of Plaintiffs' Amended Complaint alleges that the County of Philadelphia and the Court of Common Pleas of Philadelphia County violated Plaintiffs' Fourteenth Amendment right to due process. ECF No. 15 at ¶¶ 51–62.

[10] Even if the Plaintiffs had pled a cause of action under § 1983 that was not time-barred, the Philadelphia County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Plaintiffs' claims against the Philadelphia County Court of Common Pleas would likely be barred by the Eleventh Amendment.

generally an affirmative defense, a district court is permitted to dismiss a claim *sua sponte* if it is clear on the face of the Complaint that the claim is time-barred. *McPherson v. United States*, 392 Fed.Appx. 938, 943 (3d Cir. 2010) ("We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint").

A § 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal injury claims. *Cito v. Bridgewater Twp. Police Dep't,* 892 F.2d 23, 25 (3d Cir.1989). The alleged injury occurred in Pennsylvania, so Pennsylvania's two-year statute of limitations period applies.  *See* 42 Pa.C.S.A. § 5524. The injury here occurred, at the latest, on May 21, 2018 when the Pennsylvania Superior Court affirmed the denial of Hatchigian's Motion to Invalidate. So, the permissible period to challenge that decision through a § 1983 claim expired in May 2020. Plaintiffs did not raise the § 1983 claim until December 18, 2020 in their Amended Complaint. Therefore, any § 1983 claim raised in the Amended Complaint will be dismissed as time barred.

As Plaintiffs' § 1983 claim is time-barred, this Court declines to exercise supplemental jurisdiction over the remaining state law claims. "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has

original jurisdiction,' as in this case." *Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 135 (3d Cir. 2013) (quoting 28 U.S.C. § 1367(c)(3)).

### D. Leave to Amend

The Court should give plaintiffs leave to amend their complaint where justice so requires. Fed. R. Civ. P. 15(a)(2). But where leave to amend would be futile, denial of leave to amend is appropriate. *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007). The Court will not grant Plaintiffs leave to further amend their Amended Complaint because the Court does not see how an amendment on this record could cure these deficiencies.

### IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendant Carrier and Defendant Peirce-Phelps' respective Motions to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction and will dismiss this action in its entirety. An appropriate order will follow.